THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CRAIG HATFIELD, Defendant-Appellant.

Fifth District    No. 5—92—0152

Opinion filed February 3, 1994.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On January 9, 1992, defendant, Craig Hatfield, pleaded guilty to one count of home invasion (Ill. Rev. Stat. 1991, ch. 38, par. 12—11), one count of armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2), and two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—14). The circuit court of St. Clair County entered judgment on the convictions and sentenced defendant to concurrent terms of imprisonment of 20 years for home invasion, 20 years for armed robbery, 25 years for one aggravated criminal sexual assault conviction, and 50 years for the other conviction of aggravated criminal sexual assault. Defendant appeals the judgment, contending: (1) that the extended term of 50 years' imprisonment is excessive; and (2) that defendant is entitled to additional credit for time served following his arrest in California. We affirm and remand with directions.

The facts of this case are not in dispute. On July 8, 1991, sometime after 11:30 p.m., two men broke into a residence in Cahokia and confronted the victim in her bedroom. Defendant, armed with a knife, got into her bed, put the knife to her throat, and ordered her to take his penis in her mouth. When she resisted, he threatened to kill her if she did not cooperate. She then complied and performed oral sex on him. Defendant next cut her panties off and penetrated her vaginally. Afterward, defendant demanded a second act of oral penetration. Defendant also asked her if she had any guns, money, or jewelry, to which she replied, "No." When the second man found a gun in the closet, defendant accused her of lying and struck her on the face with the knife handle. Defendant also hit her on the face, and either defendant or the other man hit her on top of the head.

The victim's 12-year-old daughter and five-year-old daughter were in another room. After defendant left the victim's bedroom, she heard one of her daughters screaming. She shouted to the men not to rape

her daughter because she has leukemia. After the second man placed a hammer to the 12-year-old's head, pulled her underwear off, fondled her breasts, and attempted to penetrate her vagina with his penis, defendant did penetrate her vaginally and inserted his finger in her anus. Defendant also ordered her to perform oral sex on him.

After defendant and the other man left her residence, the mother discovered that her van, VCR, stereo, pistol, wallet, and purse were missing.

After the mother was able to identify defendant in a photographic lineup, defendant was apprehended in California on July 18, 1991, and returned to St. Clair County on August 6, 1991. Defendant was charged with armed robbery, two counts of home invasion, and five counts of aggravated criminal sexual assault. On January 9, 1992, defendant appeared with counsel and entered a negotiated plea of guilty. The terms of the agreement were that defendant would plead guilty to one count of home invasion, one count of aggravated criminal sexual assault against the first victim (the mother), armed robbery, and aggravated criminal sexual assault against the second victim (the daughter). In return for defendant's guilty plea on those four counts, the prosecution agreed to dismiss the remaining counts.

After accepting defendant's guilty pleas, the court ordered a presentence investigation. The presentence investigation report reflects that defendant, age 20, had no prior convictions as an adult. Defendant had, however, one adjudication for delinquency in 1986 for four counts of criminal damage to property. Defendant admitted using alcohol regularly and smoking marijuana, and he had been diagnosed as an addict. The report further reflected that defendant left school sometime during the ninth grade and was employed from 1989 to 1991 as a laborer, although the employment was not verified.

On February 20, 1992, defendant appeared with counsel for his sentencing hearing. At the hearing, the mother testified as to how the incident had affected her and her family's lives, specifically the fear, physical pain, and financial loss they had sustained. Defendant read a prepared letter he had filed on February 19, 1992, stating remorse for his actions and attributing his actions to his extreme intoxication due to alcohol. Following arguments of counsel, the court sentenced defendant to concurrent terms of imprisonment of 20 years for home invasion, 25 years for aggravated criminal sexual assault against the mother, 20 years for armed robbery, and a 50-year extended term for aggravated criminal sexual assault against the daughter.

On February 21, 1992, defendant filed a motion for reduction of sentence. Following a hearing on February 25, 1992, the court denied the motion.

On appeal, defendant first contends that the extended-term sentence of 50 years' imprisonment is excessive and an abuse of discretion by the trial court.

Defendant concedes that he is eligible for an extended-term sentence of up to 60 years' imprisonment because a second person participated in the assault and the daughter was under 18 years of age (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(b)(5), (c)). Defendant argues, however, that the evidence in mitigation precludes the trial court's imposition of the extended 50-year prison term. Defendant asserts as factors in mitigation: (1) the absence of prior convictions as an adult; (2) his young age and family ties; (3) his employment history; (4) his addiction and intoxication at the time of the offense; and (5) his expressed remorse for his actions.

During the sentencing hearing, the court stated that it considered the presentence investigation report, the factual basis for the plea, the victim's impact statement, and a letter by defendant which was read to the court. The presentence investigation included defendant's employment history, his age, his family ties, and his addiction. Defendant's letter expressed that he was remorseful for his actions and that his intoxication was the cause. The court stated that it considered in mitigation that defendant had a prior work record and had little or no criminal history and that defendant was an addict. The court also remarked:

> "This particular case is one of the more brutal assaults that I've ever had the experience of seeing [in] twelve years in this business, and the peculiar nature in which it was conducted indicates a very, very cruel individual before the Court. Particularly with regards to Count VI with the thirteen-year-old victim, who was just sleeping and enjoying the flowering of her youth, was awakened in such a manner. The matter of how much time I give this defendant, he will do his time before the memories are erased from that particular victim."

■ It is well established in this State that the standard of review to be applied in determining whether a sentence is excessive is whether the trial court abused its discretion in imposing this sentence. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344, 348.) In this case we do not find an abuse of discretion in the trial court's imposition of a 50-year extended prison term for defendant's sexual assault on the 12-year-old. The trial court clearly considered all the appropriate mitigating factors but determined that they were outweighed by defendant's cruel conduct.

■ We must also consider another issue presented by the State. The State contends that defendant's 50-year prison sentence for

aggravated criminal sexual assault must run consecutively to the other sentences imposed. In support of this contention, the State cites section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a)) and *People v. Hough* (1991), 221 Ill. App. 3d 447, 582 N.E.2d 259. Section 5—8—4(a) provides, in pertinent part:

"(a) When multiple sentences of imprisonment are imposed on a defendant at the same time, \*\*\* the sentences shall run concurrently or consecutively as determined by the court. \*\*\* The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a).

Section 12—14 of the Criminal Code of 1961 codifies the offense of aggravated criminal sexual assault to which defendant pleaded guilty. In *People v. Hough* this court held that "section 5—8—4(a) mandates that a sentence for a violation of sections 12—13 and 12—14 be made consecutive in statutes for other offenses regardless of whether the section 12—13 or 12—14 violation and the other violations were part of a single course of conduct." (*Hough*, 221 Ill. App. 3d at 455, 582 N.E.2d at 264.) We cannot entertain the State's arguments that the trial court erred in sentencing defendant, however. Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)) severely limits the State's right to appeal. The rule does not allow the State to contest the propriety of a sentence imposed on a criminal defendant. *People v. Davilla* (1992), 236 Ill. App. 3d 367, 603 N.E.2d 666; *People v. Williams* (1985), 131 Ill. App. 3d 597, 475 N.E.2d 1082; *People v. Kent* (1976), 40 Ill. App. 3d 256, 350 N.E.2d 890.

■ The second issue on appeal is whether defendant should receive credit for time he spent in custody in California before he was transferred to Illinois for offenses for which he was convicted in the case below. The State concedes this issue, and the defendant is entitled to credit against his sentences for all time he spent in custody as a result of the offenses for which the sentences were imposed, including time confined in another State. (*People v. Whitelow* (1987), 162 Ill. App. 3d 626, 515 N.E.2d 1327; Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(b).) We remand the cause to the circuit court of St. Clair County with instructions that defendant be credited for the 20 days he served in California.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed, and the cause is remanded with directions.

Affirmed and remanded with directions.

RARICK and WELCH, JJ., concur.