THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRACY A. COCHRANE, Defendant-Appellant.

Second District    No. 2—92—1254

Opinion filed March 8, 1994.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

The defendant, Tracy A. Cochrane, entered a plea of guilty to the offense of first-degree murder. (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(2) (now 720 ILCS 5/9—1(a)(2) (West 1992)).) He was sentenced to a term of 67 years' imprisonment in accordance with a plea agreement. On appeal, the defendant requests this court to remand the cause to the trial court to allow him to file a motion to withdraw his plea of guilty. For the following reasons, we remand.

On April 10, 1990, a grand jury sitting in Kane County returned an indictment charging the defendant with the offenses of first-degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(2) (now 720 ILCS 5/9—1(a)(2) (West 1992))), home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12—11 (now 720 ILCS 5/12—11 (West 1992))), and armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2 (now 720 ILCS 5/33A—2 (West 1992))). On March 16, 1992, the defendant pleaded guilty to the offense of first-degree murder in exchange for a negotiated sentence of 67 years' imprisonment. The counts of the indictment which charged the defendant with home invasion and armed violence were nol-prossed pursuant to the plea agreement. The factual basis for the plea was that on March 31, 1990, the defendant and codefendant, Ian Beronich, stabbed to death Thomas Cochrane, the defendant's father, to prevent him from informing the police of an earlier burglary committed by the defendant and his friends at the father's home. The defendant was 16 years old on the date of the offense.

After the court entered a judgment of conviction on the defendant's plea and sentenced the defendant to 67 years' imprisonment, the court advised the defendant pursuant to Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) as follows:

"THE COURT: Mr. Cochrane, you may within thirty days of today's date file a written motion with the clerk of this Court, asking

that this judgment order be set aside, vacated, erased as though it never happened. Any grounds for that motion which are not included within it will be presumed to have been waived by you.

In preparing that motion, you are entitled to the services of an attorney, to copies of a transcript of these proceedings and other necessary court documents, all at no cost if it is shown that you cannot afford to pay for them.

If that motion is granted, then this judgment order would be set aside and you would be required to come back and stand trial on all of the charges that were pending against you when we began these proceedings this morning, with all of the penalties that you could face with regard to those. Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: Have all of those penalties previously been explained to you by some other judge?

THE DEFENDANT: Yes.

THE COURT: If the motion is denied, you have a right to appeal to the Illinois Appellate Court, together with the same rights to be represented by counsel and receive transcripts and other court documents, all at no cost if it is shown that you cannot afford to pay for them.

Do you understand everything that has gone on here today, Mr. Cochrane?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions of your attorney or of myself, sir?

THE DEFENDANT: No.

THE COURT: Thank you. Thank you, Counsel. Good luck to you, sir."

On April 29, 1992, the defendant filed a *pro se* motion to reduce the sentence. The motion was denied on the basis that the defendant could not contest a sentence imposed pursuant to a plea agreement. On October 16, 1992, the defendant filed a *pro se* motion for leave to file a late notice of appeal. We granted the motion.

The defendant seeks a remand to file a motion to withdraw his guilty plea. The defendant asserts that the court's statement that he "may" file a written motion within 30 days of sentencing requesting the judgment of conviction to be set aside did not sufficiently apprise him that the failure to file a motion to withdraw his guilty plea would result in waiver of his right to appeal.

In all cases in which a judgment is entered upon a plea of guilty, Supreme Court Rule 605(b) requires the court to admonish a defendant as follows:

"(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion; [and]

* * *

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." (134 Ill. 2d R. 605(b).)

These admonishments essentially advise the defendant of the requirements to perfect an appeal from a plea of guilty as set forth in Supreme Court Rule 604(d). (134 Ill. 2d R. 604(d).) According to Rule 604(d), a defendant's failure to file a motion to withdraw his guilty plea will result in waiver of his right to appeal. (*People v. Wilk* (1988), 124 Ill. 2d 93, 104.) However, if the trial court fails to give the proper admonishments, it may constitute plain error (134 Ill. 2d R. 615) and the defendant's failure to comply with the applicable rules will not result in waiver. See *People v. McCracken* (1992), 237 Ill. App. 3d 519, 520.

In *People v. Castillo* (1993), 243 Ill. App. 3d 818, as in this case, the defendant did not file a timely motion to withdraw his guilty plea. On appeal, we remanded the cause to the trial court to allow the defendant to file a motion to withdraw his plea on the basis that the trial court failed to give the proper admonishments. At the time of sentencing, the trial court advised the defendant that he had "30 days from today's date in which to file a petition to ask for leave to withdraw [his] plea of guilty." However, this court determined that this admonishment was insufficient because it did not apprise the defendant that he *must* file a written motion to have the judgment vacated and for leave to withdraw the plea to preserve his right to appeal. The plain error rule was invoked to allow the defendant to file a motion to withdraw his plea on remand. *Castillo*, 243 Ill. App. 3d at 821-22.

The State indicates that *Castillo* is factually distinguishable because in this case, unlike *Castillo*, the defendant filed a post-sentencing motion to reduce the sentence. Since the defendant was advised of his right to file a motion to vacate the judgment and was warned that any issue not raised in the motion would be deemed waived, the State asserts that the defendant's choice of filing the motion to reduce the sentence instead of the motion to vacate the judgment "demonstrates that defendant did not believe that any improprieties had tainted his plea of guilty to first degree murder."

In our view, the State's analysis substantially lessens the court's duty to render the proper admonishments. As noted in *Castillo*, it is not necessary that the trial court recite the admonishments provided by Supreme Court Rule 605(b). A deviation from the precise verbiage is acceptable since the rule requires the trial court to "substantially" admonish the defendant. (*Castillo*, 243 Ill. App. 3d at 822.) However, a trial court has not "substantially" admonished a defendant in accordance with Supreme Court Rule 605(b) when it fails to advise the defendant that a motion to vacate the judgment of conviction *and* withdraw the guilty plea *must* be filed within 30 days of sentencing or any allegations of error will be deemed waived and cannot be raised on appeal.

Since the defendant in the present case was not advised that he *must* file a motion to vacate the judgment of conviction *and* a motion to withdraw his plea to preserve his right to appeal, we determine that plain error has occurred and the defendant's failure to file such a motion will not result in waiver.

In accordance with *Castillo*, we remand the cause to the trial court to allow the defendant to file a motion to withdraw his plea of guilty to the offense of first-degree murder.

Remanded.

WOODWARD and PECCARELLI, JJ., concur.