THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES JONES, Defendant-Appellant.

First District (1st Division)   No. 1—91—3773

Opinion filed June 12, 1995.—Rehearing denied July 13, 1995, and August 14, 1995.

Rita A. Fry, Public Defender, of Chicago (Beth I. Solomon and Bruce Landrum, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, and Robert F. Hogan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BRADEN delivered the opinion of the court:
After a bench trial in the circuit court of Cook County, defen-

dant, Charles Jones, was convicted of six counts of aggravated criminal sexual assault (720 ILCS 5/12—14(a)(1) (West 1992)), three counts of criminal sexual assault (720 ILCS 5/12—13 (West 1992)), one count of aggravated kidnapping (720 ILCS 5/10—2(a)(3) (West 1992)), one count of kidnapping (720 ILCS 5/10—1 (West 1992)), one count of aggravated unlawful restraint (720 ILCS 5/10—3.1 (West 1992)), and one count of unlawful restraint (720 ILCS 5/10—3 (West 1992)). He was sentenced on six counts of aggravated criminal sexual assault and on one count of aggravated kidnapping, the other convictions merging. He was sentenced to 15-year terms of imprisonment on each conviction, all terms to be served concurrently.

Defendant appeals, contending (1) his convictions must be vacated and the charges dismissed as the State failed to try him within the statutorily mandated period; (2) he was not proved guilty beyond a reasonable doubt as the victim's testimony was unbelievable and as there was no evidence to corroborate her story; (3) the State failed to prove that the victim suffered the requisite bodily harm sufficient to sustain a conviction of aggravated criminal sexual assault; (4) the trial court erroneously admitted the victim's statements about the incident to her sister and to a police officer under the corroborative complaint exception to the hearsay rule and improperly relied on this error to enhance the victim's credibility; (5) his six aggravated criminal sexual assault convictions cannot stand as only three penetrations were proved; and (6) he was improperly convicted of aggravated criminal sexual assault and aggravated kidnapping.

We affirm in part and vacate in part.

On July 8, 1989, the victim and some friends were collecting aluminum cans. As they collected the cans, they were approached by four men. After speaking to the men, one of whom was defendant, the group decided to get something to drink. The victim drank a cup of wine and continued collecting cans. As she walked down an alley away from her friends, she was followed by defendant. Defendant put his arm around her waist and told her he had a gun. She felt a sharp object at her side.

Defendant led the victim through various alleys, ultimately forcing her to the second floor of a warehouse. Defendant pushed the victim onto a mattress and tore off her clothes. He assaulted her vaginally, orally, and anally. When she attempted to escape defendant struck her on the head with an empty liquor bottle. The victim attempted to scream for help but defendant put a pillow over her face. Defendant told her to shut up and that he had "killed a many bitches like [her] before." She struggled with him to no avail as he kept "flinging" her down onto the mattress. Eventually, she was able

to put on her pants, one of her shoes, and a dirty shirt she picked up from the warehouse floor. She ran from the warehouse dressed in her pants, the dirty shirt and one shoe.

The victim arrived at her mother's house and told her that she had been raped. Her mother then called her sister. The victim's sister arrived and took her to the police station. The victim was bleeding, limping, and bruised. At the station she told a police officer what happened. The officer took her to the hospital where she was treated for her injuries. Thereafter, the victim picked defendant out of a group of pictures she was shown by a police detective. She later picked him out of a lineup, again identifying him as the man who assaulted and kidnapped her.

Defendant initially contends that his right to a speedy trial was violated as the State failed to try him within the applicable statutory period. Section 103—5(a) of the Code of Criminal Procedure of 1963 provides: "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***." (725 ILCS 5/103—5(a) (West 1992).) If a person is in custody with more than one charge pending against him, he must be tried on one charge within 120 days of his arrest and tried on the remaining charge(s) within 160 days from the entry of judgment on the first charge. 725 ILCS 5/103—5(e) (West 1992).

Section 103—5 must be liberally construed, giving effect to the State and Federal constitutional rights to a fair trial, and each case is to be decided on its own facts. (Ill. Const. 1970, art. I, § 8; U.S. Const., amend. VI; *People v. Reimolds* (1982), 92 Ill. 2d 101, 106, 440 N.E.2d 872, 874.) The prosecution has the duty to take affirmative steps to try a defendant who is in custody. (725 ILCS Ann. 5/103—5, Committee Comments—1963, at 67 (Smith-Hurd 1992).) The defendant has no duty to advise the court if the date set for trial implicates a speedy trial problem.

The 120-day period mandated by section 103—5 may be temporarily suspended for various reasons including delays occasioned by the defendant. (*People v. Brown* (1988), 170 Ill. App. 3d 273, 284, 524 N.E.2d 742, 749.) "In determining whether delay is occasioned by the defendant, the criterion is whether his acts in fact caused or contributed to the delay." (*People v. Turner* (1989), 128 Ill. 2d 540, 550, 539 N.E.2d 1196, 1199.) It is the defendant's onus to demonstrate a violation of his right to a speedy trial, and delays occasioned by him toll the statutory term. *People v. Grayson* (1988), 165 Ill. App. 3d 1038, 1041, 520 N.E.2d 901, 903.

A court of review must only consider the record made in the trial

court in determining the existence of a speedy trial violation. (*People v. Arsberry* (1993), 242 Ill. App. 3d 1034, 1040, 611 N.E.2d 1285, 1289.) An express agreement to a continuance by the parties is an affirmative act by the defendant contributing to the delay of the proceedings. (*People v. Burchette* (1993), 257 Ill. App. 3d 641, 657, 628 N.E.2d 1014, 1026.) Delay based upon a silent record cannot be attributed to the defendant. *People v. Grant* (1982), 104 Ill. App. 3d 183, 189-90, 432 N.E.2d 1129, 1132.

Where the party responsible for the delay is difficult to discern from the record, the trial court's judgment is given substantial deference. (*People v. Reimolds* (1982), 92 Ill. 2d 101, 107, 440 N.E.2d 872, 875.) Absent a clear abuse of discretion, this court must sustain the trial court's determination as to whom delay is attributed. *People v. C.H.* (1993), 255 Ill. App. 3d 315, 318, 626 N.E.2d 359, 363; see also *People v. Cain* (1988), 171 Ill. App. 3d 468, 475, 525 N.E.2d 1194; *People v. Grayson* (1988), 165 Ill. App. 3d 1038, 1043, 520 N.E.2d 901; *People v. Jump* (1984), 127 Ill. App. 3d 440, 444, 468 N.E.2d 1278.

On February 7, 1990, defendant was arrested concerning two unrelated cases, this case, 90 CR 5220 (5220), and 90 CR 5219 (5219). He maintains that as he was not tried on the 5219 case within 120 days of his being taken into custody, the trial court was divested of jurisdiction on the 5220 case and his conviction on the 5220 case must consequently be vacated and the charges dismissed.

The trial court calculated the days regarding the 5219 case as follows (the number of days in parentheses is the trial court's determination as to which days should not be counted against defendant). The record demonstrates defendant's first court date as March 16, 1990, when he appeared before the chief judge (38 days). The next date is March 19, 1990, whereupon a continuance was ordered "by agreement." The trial court stated that the party responsible for this three-day delay was unclear so, in calculating the days, it counted them against the State (3 days). The case was subsequently continued "by agreement" on the following dates: June 20, 1990, July 31, 1990, September 14, 1990, September 21, 1990, and October 11, 1990.

On November 1, 1990, the record demonstrates a "motion State" continuance until December 4, 1990 (34 days). On December 4, 1990, the case was continued "motion State" until January 9, 1991 (36 days). On the 9th, it was again continued "motion State" (7 days). On January 16, defendant was tried and acquitted on the 5219 case.

■ The issue we must determine is whether defendant was tried on the 5219 case within 120 days of his arrest. Defendant raises an issue of ambiguity with respect to October 11, 1990. An examination of the record on this date reflects that defense counsel requested "an-

other short date" so she could evaluate the medical reports of one of the victims. A continuance was ordered, but the record is unclear as to whether the outstanding medical report pertained to the 5219 victim or to the 5220 victim. The trial court stated: "I got some medical reports. I don't know if that's on this case. They are not on this case. Okay. How much time do we need?" Apparently, both cases were continued until November 1, 1990.

Citing *People v. Smith* (1991), 207 Ill. App. 3d 1072, 566 N.E.2d 797, defendant argues that the record is silent as to the party occasioning the delay on October 11, 1990, and that the delay should thus not be attributed to him. The facts in *Smith* are readily distinguishable from the facts with which we are presented here. In *Smith*, defense counsel stated that he would be ready for trial on a particular date. Trial did not take place on that date and defendant filed a petition for discharge. At the discharge hearing, the prosecutor indicated that he had a scheduling problem with the defendant's case. The prosecutor and defense counsel discussed the scheduling problem.

When the speedy trial issue later arose, the prosecutor stated that defense counsel agreed to move the defendant's case to the next docketing call. Defense counsel did not recall speaking with the prosecutor. Other than the prosecutor's recollection of the conversation, the record contained no explanation as to the reason for the delay. The trial court did not attribute this delay to the defendant. On review, this court upheld the trial court's decision finding that a delay is not occasioned by the defendant if the record is "silent."

The record in this case evinces that the October 11, 1990, delay directly resulted from defense counsel's request for "another short date" so she could evaluate the medical report of one of the victims. The trial court apparently continued both cases. In calculating the days the trial court concluded that the October 11, 1990, delay was occasioned by defendant.

The trial court painstakingly reviewed the record and concluded that defendant was tried on the 5219 case within 120 days following his arrest. In view of the substantial deference given to the trial court with respect to this issue, we find that its determination was not an abuse of discretion and we will not reverse it on review. Defendant's right to a speedy trial was not violated and the trial court was consequently not divested of jurisdiction on the 5220 case.

Defendant next maintains that he was not proved guilty beyond a reasonable doubt as the victim's testimony was uncorroborated and lacked credibility. Citing *People v. Hoskins* (1990), 203 Ill. App. 3d 45, 560 N.E.2d 1004, and *People v. Geneva* (1990), 196 Ill. App. 3d 1017,

554 N.E.2d 556, he submits that his conviction can only be upheld if the victim's testimony was "clear and convincing." This contention is without merit.

The due process clause of the fourteenth amendment (U.S. Const., amend. XIV) protects an accused from conviction of a crime unless all elements of such crime are proved beyond a reasonable doubt. (*In re Winship* (1970), 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1073.) The well-established standard of review pertaining to this issue is if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Dall* (1991), 207 Ill. App. 3d 508, 522, 565 N.E.2d 1360, 1368; *People v. Turner* (1990), 193 Ill. App. 3d 152, 157, 549 N.E.2d 1309, 1313.) This court should not set aside a conviction unless the evidence is "so unreasonable, improbable or unsatisfactory as to create a reasonable doubt as to defendant's guilt" (*People v. Bowen* (1993), 241 Ill. App. 3d 608, 619, 609 N.E.2d 346, 356), and it will not substitute its judgment regarding the evidence and the credibility of witnesses for that of the fact finder. *People v. Jimerson* (1989), 127 Ill. 2d 12, 43, 533 N.E.2d 889, 903.

■ Defendant mistakenly relies on *Geneva* and *Hoskins,* as this clear and convincing standard of review, employed to safeguard the rights of the accused, was rejected by our supreme court in *People v. Schott* (1991), 145 Ill. 2d 188, 582 N.E.2d 690. Finding the reasonable doubt test formerly articulated applicable to sex-offense cases, the court stated:

> "We find it incongruous for an appellate court to view a sex-offense victim's testimony with skepticism by employing this special standard of review, when a fact finder has previously considered the testimony of the victim, together with any other evidence presented at trial, and found the defendant guilty beyond a reasonable doubt." *Schott,* 145 Ill. 2d at 202, 582 N.E.2d at 697.

This court has adopted the *Schott* standard, repeatedly holding that the testimony of a sex-offense victim need not be clear and convincing or substantially corroborated in order for a defendant's conviction to be upheld. (See *People v. Duplessis* (1993), 248 Ill. App. 3d 195, 618 N.E.2d 1092; *People v. Vasquez* (1992), 233 Ill. App. 3d 517, 599 N.E.2d 523; *People v. Soler* (1992), 228 Ill. App. 3d 183, 592 N.E.2d 517.) As defendant has failed to present the appropriate standard of review, his argument cannot stand on that basis. Analysis of defendant's argument, in light of the applicable standard of review, compels us to conclude that the evidence presented is not so improbable as to raise a reasonable doubt of defendant's guilt.

Defendant next opines that the State failed to prove the statutorily mandated bodily harm element of the offense of aggravated criminal sexual assault. An accused commits aggravated criminal sexual assault when he commits criminal sexual assault and causes bodily harm to the victim. (720 ILCS 5/12—14(a)(2) (West 1992).) For purposes of this statute, this court has defined bodily harm to mean the same as bodily harm under the battery statute. (*People v. Haywood* (1987), 118 Ill. 2d 263, 277, 515 N.E.2d 45, 51.) Our supreme court has construed the phrase "bodily harm" as "some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent." *People v. Mays* (1982), 91 Ill. 2d 251, 256, 437 N.E.2d 633, 635-36; see also *People v. Lauderdale* (1992), 228 Ill. App. 3d 830, 593 N.E.2d 757; *People v. Roberts* (1989), 182 Ill. App. 3d 313, 537 N.E.2d 1080.

The victim testified that, in an attempt to prevent her from escaping, defendant struck her several times about the head with a bottle, causing knots on her head. She also stated that defendant kicked her in the back, rendering her unable to walk for approximately two weeks following the attack. This testimony is supported by the victim's sister, who stated that, the day after the attack, the victim had "knots on the top of her head and bruises." A friend of the victim and a police officer also noticed bruises and lumps on the victim's head.

■ In support of his contention that the evidence of bodily harm is conflicting, defendant cites the fact that the emergency room doctor who examined the victim did not detect any injury to her head, face or neck. Nevertheless, it is the province of the trier of fact to resolve any conflicts in testimony and to make credibility determinations. (*People v. Robinson* (1989), 199 Ill. App. 3d 24, 30, 556 N.E.2d 1204, 1208.) A reviewing court will not substitute its judgment for that of the fact finder regarding the credibility of witnesses where the evidence is so improbable as to raise the question of reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276.) The trial court heard all the evidence and evaluated the credibility of the victim, her sister, her friend, the police officer, and the doctor. The evidence here is not so improbable as to raise a reasonable doubt of defendant's guilt and as such we will not disturb the trial court's determination as to the bodily harm element.

Defendant next posits that the victim's sister and a police officer were improperly permitted to testify, under the corroborative complaint exception to the hearsay rule, regarding the substance of the victim's statements to them about the attack.

Generally, a witness' testimony cannot be bolstered or supported

by establishing that the witness made similar statements out of court, although exceptions have been made when the out-of-court statement is a spontaneous declaration and in rape cases where the victim makes a prompt complaint of rape. See *People v. Sommerville* (1990), 193 Ill. App. 3d 161, 549 N.E.2d 1315; *People v. Williams* (1986), 146 Ill. App. 3d 767, 771, 497 N.E.2d 377; *People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25.

"While there is no fixed time limit within which the complaint should be made to qualify as 'prompt,' it must have been made without any inconsistent or unexplained delay, and it must have been voluntary and spontaneous rather than the product of a series of questions." (*People v. Evans* (1988), 173 Ill. App. 3d 186, 199, 527 N.E.2d 448, 457.) Admissibility in this context includes the fact of the complaint only; neither the substance of the complaint nor the identity of the offender is admissible. (*Evans*, 173 Ill. App. 3d at 200, 527 N.E.2d at 457.) The determination of the complaining witness' credibility is within the province of the trier of fact and its determination is entitled to great deference.

The victim's sister testified that she spoke with the victim hours after the attack and took her to the police station. The victim told her sister the details of her ordeal, and the sister testified as to the substance of the victim's description of the attack. The police officer was questioned on redirect examination as to the contents of her report concerning the incident. Testimony was elicited from the officer which reflected the victim's statements to her regarding defendant's threats against the victim and his subjecting her to fellatio, sodomy, and intercourse.

The primary rationale for the exclusion of hearsay testimony is the inability of the opposition to test the testimony's reliability through cross-examination of the out-of-court-declarant. This court has held that, where the out-of-court declarant was available for cross-examination at the trial in which the hearsay statement was introduced, there was either no error whatsoever because the hearsay problem was circumvented (*People v. Ward* (1976), 37 Ill. App. 3d 960, 964, 347 N.E.2d 381, 384), or any associated error was harmless. *People v. Robinson* (1978), 73 Ill. 2d 192, 200, 383 N.E.2d 164, 169.

■ Reconciliation of these differing holdings is unnecessary to conclude that defendant's argument with respect to the introduction of the testimony of the victim's sister and the police officer about statements the victim made to them is not reversible error. First, the witnesses about whom defendant complains did not testify to any facts which were not introduced by the victim herself. Second, any hearsay problem with the testimony was remedied as defense counsel

was afforded the opportunity to cross-examine the out-of-court declarant regarding any statements she made to the witnesses in question. The statements were either nonhearsay and properly admitted or they were cumulative and thus harmless error. See *People v. Whitley* (1977), 49 Ill. App. 3d 493, 364 N.E.2d 511.

Defendant next argues that he was improperly sentenced on six counts of aggravated criminal sexual assault as the evidence established only three penetrations. He asks us to vacate three of his convictions and sentences. The State does not dispute this argument, agreeing that three convictions and their corresponding sentences should be vacated. The record evinces that the victim testified to three violations of her person by defendant: fellatio, sodomy, and intercourse.

Defendant was convicted of 13 counts: six counts of aggravated criminal sexual assault, three with bodily harm as the aggravating factor and three with kidnapping as the aggravating factor, three counts of criminal sexual assault, one count of aggravated kidnapping, one count of kidnapping, one count of aggravated unlawful restraint, and one count of unlawful restraint. He was sentenced to 15 years on each count of aggravated criminal sexual assault, and to 15 years on the aggravated kidnapping count (the criminal sexual assault convictions merged with the aggravated criminal sexual assault convictions, the kidnapping conviction, the unlawful restraint conviction, and the aggravated unlawful restraint conviction all merged with the aggravated kidnapping conviction). The sentences were to run concurrently.

■ We find that the trial court erred in convicting and sentencing defendant on six counts of aggravated criminal sexual assault. Defendant should have been convicted and sentenced on three counts, as only three penetrations were proved. In sentencing defendant, the trial court, in effect, punished defendant twice for the same conduct. The trial court abused its discretion in this regard and we hereby vacate defendant's three aggravated criminal sexual assault convictions and sentences with kidnapping as the aggravating factor.

In a related issue, the State asserts that the trial court failed to sentence defendant according to the appropriate sentencing statute. The pertinent language provides:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where defendant was convicted of

a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." (730 ILCS 5/5—8—4(a) (West 1992).)

It is evident from the plain language of the statute that as defendant was convicted of a violation of section 12—14, consecutive rather than concurrent sentences should have been imposed.

■ Accordingly, the State submits that we remand this cause to the trial court for resentencing so the consecutive sentences can be imposed upon defendant. Pursuant to Supreme Court Rule 604(a)(1), however, the State is not entitled to appeal the trial court's decision to impose concurrent rather than consecutive sentences. (134 Ill. 2d R. 604(a)(1); see also *People v. Hatfield* (1994), 257 Ill. App. 3d 707, 630 N.E.2d 463; *People v. Griffin* (1993), 247 Ill. App. 3d 1, 616 N.E.2d 1242; *People v. Davilla* (1992), 236 Ill. App. 3d 367, 603 N.E.2d 666.) This court has permitted sentencing remands based upon incomplete judgments but has restricted remands to prohibit all sentencing modifications. (*Hatfield*, 257 Ill. App. 3d at 711, 630 N.E.2d at 465-66.) We will not consider the State's argument regarding a remand for resentencing.

Defendant finally contends that as criminal sexual assault was used to aggravate the kidnapping count and as kidnapping was used to aggravate three of the criminal sexual assault counts, his convictions for both cannot stand. Defendant was charged with aggravated kidnapping because he committed a second crime, criminal sexual assault, during a kidnapping. He was charged with three counts of aggravated criminal sexual assault because he committed a kidnapping while he committed a criminal sexual assault. Essentially, criminal sexual assault was used to enhance kidnapping and kidnapping was used to enhance three counts of criminal sexual assault.

■ As we have already vacated defendant's three aggravated criminal sexual assault convictions with kidnapping as the aggravating factor, his argument with respect to double enhancement is moot. His conviction for aggravated kidnapping will stand.

For the aforementioned reasons, defendant's three convictions and sentences for aggravated criminal sexual assault with bodily harm as the aggravating factor and his conviction and sentence for aggravated kidnapping are affirmed; his three convictions and sentences for aggravated criminal sexual assault with kidnapping as the aggravating factor are vacated.

Affirmed in part; vacated in part.

CAMPBELL, P.J., and WOLFSON, J., concur.