THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES WYATT, Defendant-Appellant.

Second District Nos. 2—97—0807, 2—97—0808 cons.

Opinion filed May 13, 1999.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz, John X.

Breslin, and Rita Kennedy Mertel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant appeals from his consecutive 15-year sentences for burglary (720 ILCS 5/19—1(a) (West 1996)) and escape (720 ILCS 5/31—6(a) (West 1996)) and the court's denial of his motion to reconsider his sentence. We affirm in part, reverse in part and remand the cause with directions.

Defendant was arrested on charges of burglary and theft (720 ILCS 5/16—1(a)(4)(A) (West 1996)). He and two others escaped from the Winnebago County jail but were reapprehended shortly thereafter in Minnesota and were charged with escape. Following plea negotiations, defendant pleaded guilty to the burglary and escape charges, while the State agreed to nol-pros the theft charge and to forego prosecution of further charges against defendant and his mother. The states of Minnesota and Iowa also agreed not to pursue charges against him. Defendant was sentenced to consecutive 15-year terms of imprisonment on the charges. His subsequent motion to reconsider the sentences was denied. This appeal followed.

We must first address the State's contentions that this appeal must be dismissed. The State first argues that this court lacks jurisdiction because defendant's motion to reconsider sentence was not timely filed. Defendant was sentenced on June 11, 1997. On July 2, the trial court granted defendant until July 31 to file his motion to reconsider, on which date the motion was eventually filed.

■ A motion to reduce sentence is to be filed within 30 days of the imposition of sentence. 730 ILCS 5/5—8—1(c) (West 1996). However, a court may grant a continuance upon written motion or upon its own motion if the interests of justice require. 725 ILCS 5/114—4(d) (West 1996). Here, defense counsel needed additional time to communicate with defendant, who had been sent to the Department of Corrections. We find that the court properly exercised its discretion in granting the continuance for filing the motion to reconsider and find no error.

■ The State also argues that this appeal should be dismissed because defendant entered into a partially negotiated guilty plea but did not file a motion to withdraw his plea before appealing. The State contends that any concession on its part in a plea negotiation makes a guilty plea "negotiated" under *People v. Evans*, 174 Ill. 2d 320 (1996), and thus requires a defendant to move to withdraw his guilty plea before challenging his sentence on appeal. However, not all negotiated pleas are the same. *People v. Linder*, 186 Ill. 2d 67, 75 (1999) (Freeman, C.J., specially concurring). The negotiated plea in *Evans* involved

a plea of guilty in exchange for dismissal of certain charges and an agreed-upon sentence. See *Evans*, 174 Ill. 2d at 322-23. In that situation, the court determined that to allow the defendant to seek reconsideration of his sentence would be to hold the State to its part of the bargain while allowing the defendant to unilaterally modify his sentence, in violation of contract law principles. See *Evans*, 174 Ill. 2d at 327. Not all negotiated pleas involve agreed-upon sentences; a plea agreement may involve only the dismissal of charges without an agreement as to a specific sentence or may include an agreement to a cap on sentencing. Our supreme court has held that where a plea agreement involves a recommendation of a specific sentence or a cap on sentencing, a defendant must move to vacate the judgment and withdraw his guilty plea before attacking his sentence on appeal. See *Linder*, 186 Ill. 2d at 73-75. However, the court has not required that defendants withdraw their guilty pleas in the absence of some agreement as to sentence, even where other agreements, such as the reduction or dismissal of charges, exist. This court has consistently held that partially negotiated pleas that do not involve a sentencing agreement do not require withdrawal of the guilty plea. See *People v. Johnson*, 286 Ill. App. 3d 597 (1997), *overruled on other grounds*, *People v. Latona*, 184 Ill. 2d 260 (1998); *People v. Wendt*, 283 Ill. App. 3d 947, 951-52 (1996). Here, the plea agreement involved dropping one charge against defendant and foregoing prosecution of other charges but included no agreement as to sentence. As the sentence to be imposed was left entirely to the court's discretion, we conclude that defendant properly challenged his sentence and was not required to move to withdraw his guilty plea. Therefore, we will not dismiss this appeal.

Defendant first contends that this case must be remanded to the trial court because the court failed to admonish him properly in accordance with Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)). We disagree.

Supreme Court Rule 605(b) provides:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a party [*sic*] of a plea agreement will be reinstated and will also be set for trial;

(5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." 145 Ill. 2d R. 605(b).

Rule 605(b) essentially advises the defendant of the requirements to perfect an appeal from a guilty plea as set forth in Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). *People v. Cochrane*, 257 Ill. App. 3d 1047, 1050 (1994). While these admonitions are mandatory (*People v. Jamison*, 181 Ill. 2d 24, 29 (1998)), deviation from the precise verbiage is acceptable since the rule only requires the trial court to "substantially" advise the defendant. *Cochrane*, 257 Ill. App. 3d at 1051.

■ Here, the court admonished defendant as follows:

"You do have the right to appeal the sentence of this Court. To do so you must file within 30 days of today's date your motion to either withdraw your plea of guilty, motion to reconsider the sentence and then follow it up with your notice of appeal. If you fail to file those written motions, you would lose your right to appeal. Of course, Mr. Light will remain on the case to assist you should you choose to exercise your right to appeal."

We conclude that the court's admonishments substantially advised defendant of his rights and duties under Rule 604(d). The court clearly told defendant that he could move to withdraw his guilty plea or reconsider his sentence, contrary to defendant's contention. Defendant argues that the court intimated that seeking review of the sentence would be futile when it told him that, after filing any posttrial motion, he must "follow it up with [a] notice of appeal." This argument is without merit. The court was admonishing defendant regarding his duties if he wished to appeal. The court must inform defendant that a notice of appeal must be filed after any posttrial motions if the defendant wants a higher court to review his case. The court did fail to inform defendant that any allegation of error not raised in his motion would be waived on appeal or that any nol-prossed

charges could be reinstated if his motion to vacate judgment and withdraw his plea were granted. See 145 Ill. 2d R. 605(b)(4), (b)(6). However, there is no issue on appeal that allegations were left out of defendant's motion or that any charges were reinstated to defendant's surprise.

We are satisfied that the court substantially admonished defendant under Rule 605(b) and that any missed verbiage did not prejudice defendant in his pursuit of postsentencing relief. The record is clear that defendant had no intention of pursuing a motion to vacate the judgment and withdraw his plea of guilty, as, within moments of the admonishments, defense counsel stated, "We'll be making motions relating to the sentence and appeals papers for that," and "I don't believe we'd be moving to withdraw the plea, but we are asking to review the sentence." Defendant was substantially advised of his appeal rights, and we find no error here.

Defendant next contends that the cause must be remanded to the trial court because his attorney did not comply with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). We disagree.

■ Rule 604(d) requires, among other things, that when a defendant files a postplea motion, the defense attorney must file with the trial court a certificate stating that the attorney has consulted with the defendant to ascertain his contentions of error, has examined the trial court file and report of proceedings of the guilty plea, and has made any amendments to the motion necessary to adequately present any defects in the proceeding. 145 Ill. 2d R. 604(d). Strict compliance with the strictures of Rule 604(d) is required, and the failure to so comply requires reversal of the judgment and a remand to the trial court for the filing of a new motion and a hearing on the motion. *People v. Heinz*, 259 Ill. App. 3d 709, 712 (1994).

■ Defense counsel here filed a motion pursuant to Rule 604(d) that stated:

"I hereby state that I have consulted with the defendant, CHARLES WYATT, by mail to ascertain his contentions of error in the sentencing in the above-entitled cause; that I have examined the trial court file and report of proceedings of the plea of guilty and the sentencing for of [*sic*] making any amendments necessary for an adequate presentation of any defects in the proceedings; and that the defendant would offer no amendments *to either the court file or the report of proceedings*." (Emphasis added.)

Defendant argues that his attorney did not strictly comply with Rule 604(d) because the Rule 604(d) certificate stated that defendant offered no amendments to the court file or report of proceedings and not that he made any necessary amendments to the motion, as is required

by Rule 604(d). However, we conclude that the certificate in question is in compliance with Rule 604(d). A Rule 604(d) certificate functions as a basis upon which the trial court can determine that defense counsel has performed his duties under the rule and gives the record a clear indication of the extent of counsel's performance, which might not otherwise appear on the record. *People v. Shirley*, 284 Ill. App. 3d 734, 737 (1996).

The certificate in this case clearly states that defense counsel consulted with defendant about any contention of error and reviewed the court file and the report of proceedings in order to make "any amendments necessary for an adequate presentation of any defects in the proceedings." Defense counsel has sufficiently certified that he performed the duties required under Rule 604(d). Defendant attempts to take strict compliance with the rule to unreasonable extremes. The certificate need not recite word for word the verbiage of the rule. It is inappropriate to read counsel's statement as saying that he examined the record for making any amendments necessary for an adequate presentation of the motion but then failed to make any necessary amendments. The fact that the certificate says that no amendments were offered regarding the record does not render the certificate ineffective. This certificate was in full compliance with Rule 604(d) and does not require a remand for new filings.

Defendant next contends that his sentence of 15 years in prison on the escape charge is grossly disparate to the sentences imposed on his codefendants and should be reduced. Defendant, Jake Ball, and Michael Lonkouski all escaped together from the Winnebago County jail and were apprehended in Minnesota. All three pleaded guilty before the same judge to the offense of escape. Ball was sentenced to a term of 10 years in prison. Lonkouski negotiated a sentence of 12½ years' imprisonment.

 The standard of review in determining whether a sentence is excessive is whether the trial court abused its discretion in imposing the sentence. *People v. Hatfield*, 257 Ill. App. 3d 707, 710 (1994). A reviewing court must give great weight to the judgment of the trial court. *People v. Godinez*, 91 Ill. 2d 47, 55 (1982). However, an arbitrary and unreasonable disparity of sentences between codefendants who are similarly situated will not be allowed. *Godinez*, 91 Ill. 2d at 55. Here, we conclude that defendant's 15-year sentence was not disproportionate to the sentences received by codefendants. We first note that defendant and his codefendants were not similarly situated. Defendant was sentenced as a Class X felon because of his prior criminal history; the range of imprisonment for a Class X felon is from 6 to 30 years. See 730 ILCS 5/5—8—1(a)(3) (West 1996). Ball and

Lonkouski were sentenced as Class 2 felons eligible for extended terms, with a sentencing range of 7 to 14 years in prison. See 730 ILCS 5/5—8—2(a)(4) (West 1996). Codefendants are not similarly situated when they are not eligible for the same sentencing. See *People v. Burt*, 168 Ill. 2d 49, 80 (1995). Therefore, defendant was not similarly situated to Ball or Lonkouski. Furthermore, defendant was sentenced to only 50% of his potential maximum prison term, while Ball and Lonkouski were sentenced to 66.67% and 83%, respectively, of their potential maximum terms. Defendant's criminal history separated him from his codefendants because it is so much more extensive and elevates him into a more severe sentencing category. He had eight prior felony convictions and had been sentenced to prison several times in the past. The trial court did not err in sentencing defendant to 15 years' imprisonment on the escape charge.

Defendant next contends that both of his 15-year sentences were excessive in light of his rehabilitative potential and his drug addiction. Once again, giving great weight to the trial court's judgment (see *Godinez*, 91 Ill. 2d at 55), we disagree.

The court held a hearing before imposing sentence. The court considered defendant's extensive criminal background, including multiple burglaries, residential burglary, escape, and bringing contraband into a penal institution; defendant's strong family upbringing; defendant's failure to complete drug and alcohol addiction treatment, which was part of his sentence on prior felony convictions; and defendant's own indications of remorse. The court found that, while defendant had rehabilitative potential, his history did not indicate that he was unlikely to commit more crimes. In sentencing defendant to 15 years on each count, the court hoped to teach defendant:

> "[T]hat you can't commit these crimes or you'll lose your freedom, and we think freedom is the most important thing. So we want you to make that connection too. You can't commit these crimes or you'll lose your freedom for a long, long time. I hope you make that connection when you come out. In the past you've made the connection that you must escape from prison in order to escape the punishment for the crime. That's not the connection I want you to make."

The court also correctly noted that defendant could receive treatment for his addiction while incarcerated.

We conclude that the court's imposition of consecutive 15-year sentences was not excessive. The court considered defendant's rehabilitative potential and addiction. However, these are not the only factors that must be considered, and the court found that they were outweighed by other factors, such as defendant's extensive criminal

history, past failed treatment, and continued criminality after shorter prison terms. Furthermore, the 15-year sentences were not near the maximum possible sentences available to the court. We cannot say that the court abused its discretion in imposing the sentences that it did, and we find no error here.

Defendant next contends that this case should be remanded to the trial court because he did not receive proper credit against his sentences for time spent in presentence custody. Defendant first argues that he should receive credit for time served against each of his consecutive sentences for time spent in custody simultaneously on both charges. A defendant is to receive credit against each sentence imposed for an offense for which he was in custody when he was simultaneously in custody for more than one offense. See *People v. Robinson*, 172 Ill. 2d 452, 454 (1996). However, our supreme court has held that, "to the extent that an offender sentenced to consecutive sentences had been incarcerated prior thereto on more than one offense simultaneously, he should be given credit only once for actual days served." *People v. Latona*, 184 Ill. 2d 260, 271 (1998). Therefore, defendant is entitled to credit against only one, not both, of his sentences.

Defendant also argues that he was not given credit for all the time he spent in custody. The State tallied defendant's time served as 242 days on the burglary charge and 191 days on the escape. Defense counsel and the court agreed to that calculation. Defendant now contends that some unspecified, longer period of credit is due him.

Defendant was arrested on the burglary charge on August 20, 1996. He escaped custody on September 26 and was reapprehended in Minnesota on September 30. On October 2, defendant appeared in court in Minnesota and refused to sign a waiver of extradition. His bail on the Minnesota charges was then set at $100,000 plus waiver of extradition. Extradition was granted on December 3, and the Minnesota charges were dismissed. Defendant remained in custody in Illinois until his sentencing on June 11, 1997.

Defendant claims that he is due credit for the period of custody prior to his escape on September 26 and for the entire period from his apprehension in Minnesota on September 30 until his June 11 sentencing. Defendant is correct in stating that he is entitled to credit against his sentence for all the time he spent in custody as a result of the offenses for which he was sentenced, including time spent in confinement in another state. See *Hatfield*, 257 Ill. App. 3d at 711. The record is unclear as to how defendant's credit was calculated. While we acknowledge that defendant agreed to the calculation and did not raise this issue below, we note that sentencing issues are regarded as matters affecting a defendant's substantial rights (*People v. Burrage*,

269 Ill. App. 3d 67, 71 (1994)). Therefore, to ensure that defendant receives all the credit due him, we remand this matter to the trial court for a determination of the proper credit for time served.

For these reasons, the judgment of the circuit court of Winnebago County is affirmed in all respects except for the calculation of the credit for time previously served, and the cause is remanded solely to determine the proper credit to be applied to defendant's sentence.

Affirmed in part and reversed in part; cause remanded with directions.

BOWMAN, P.J., concurs.

JUSTICE RAPP, dissenting:

I respectfully dissent. I disagree with my colleagues' interpretation of *People v. Linder*, 186 Ill. 2d 67 (1999), recently decided by the supreme court. I would have dismissed that portion of this appeal that seeks review of defendant's sentence. Since the State agreed to nol-pros a theft charge and to forego prosecution of further charges against defendant and his mother, I feel that the proper interpretation and extension of the rule announced in *Linder* would be to require the defendant to withdraw his guilty plea and vacate the judgment against him before appealing the decision rendered by the trial court. See *People v. Knowles*, 304 Ill. App. 3d 472 (1999). In that circumstance, if the motion to withdraw the plea were granted, the State, if it so chose, could reinstate the dismissed or foregone charges, and the parties would return to their original positions.