THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CAROL CISEL, Defendant-Appellant.

Third District   No. 81—528

Opinion filed December 13, 1982.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Carol Cisel, was charged by traffic complaint with the offenses of driving while her license was revoked and driving while under the influence of intoxicating liquor. Following a bench trial in the circuit court of Peoria County, the defendant was found guilty of the first charge and found not guilty of the second charge. She subsequently received a 30-day term of imprisonment. She appeals from both the judgment of conviction and the sentence. Although the trial was apparently transcribed, the parties have submitted a certified agreed statement of facts for purposes of our review.

To establish the Class A misdemeanor of driving with a revoked license under section 6—303(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 6—303(a)), the prosecution must prove beyond a reasonable doubt that the accused was driving a vehicle on an Illinois road and that the Secretary of State had revoked the accused's license. Proof of the second element may be adduced as provided by section 6—118(f):

"(f) An abstract issued by the Secretary of State pursuant to

Section 6—118 of this Act, on request of a law enforcement agency, for the record of a named person as to the status of his driver's license shall be prima facie .evidence of the facts therein stated and if the name appearing in such abstract is the same as that of a person named in an information or warrant charging a violation of this Section, such abstract shall be prima facie evidence that the person named in such information or warrant is the same person as the person named in such abstract." (Ill. Rev. Stat. 1981, ch. 95½, par. 6—118(f).)

Here, the prosecution introduced into evidence a license abstract showing that Carol Cisel's driving license had been revoked by the Secretary of State when she was stopped on April 14, 1981. She contends on appeal that the presumption that the person named in the license abstract is the person named in the charging instrument is unconstitutional.

Inferences and presumptions occur throughout our legal milieu. For our purposes, a presumption is a standardized practice, under which certain "predicate" facts are held to require uniform treatment with respect to their effect as proof of other facts. (See McCormick, Evidence sec. 342 (2d ed. 1972).) The validity of this evidentiary device under the due process clause varies depending upon the strength of the nexus between the predicate facts and the presumed facts and upon the degree to which the presumption curtails the trier-of-fact's freedom to assess the evidence independently.

A permissive presumption is one which would allow, but not require, the trier of fact to accept the existence of the presumed fact even in the absence of contrary evidence. A mandatory presumption, by contrast, is one which would require the trier of fact to find the presumed fact, at least until the defendant has come forward with some amount of evidence to the contrary. Mandatory presumptions can run afoul with the due process clause not only because they can relieve the prosecution of its burden to prove the elements of the offense beyond a reasonable doubt, but also because they can shift to the accused the burden of persuasion.

In view of the foregoing principles, we have examined section 6—118(f) and we find no unconstitutional infirmity in the presumption expressed therein. Accordingly, we affirm the defendant's conviction.

The section 6—118(f) presumption, contrary to the State's contention, is not permissive, but mandatory. A plain reading of section 6—118(f) shows that, by stating the license abstract "*shall be* prima facie evidence of the facts therein stated" (emphasis added) (Ill. Rev. Stat. 1981, ch. 95½, par. 6—118(f)), the General Assembly intended that

the trier of fact must consider the presumed facts once the predicate facts are established. In none of the several cases cited by the State is a similar statutory presumption found to be permissive. The impact of this mandatory presumption on the defendant's due process rights, however, is no greater than that of a permissive inference because the presumption imposes an extremely low burden of production on the defendant—*i.e.*, being satisfied by "any evidence." (*County Court v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213.) Here, the defendant needs only to contradict or rebut the presumed fact by any relevant, admissible evidence to destroy the effect of the presumption. Thus, as the court noted in *People v. Navis* (1974), 24 Ill. App. 3d 842, 321 N.E.2d 500, the defendant can easily show that the records sought to be introduced against him are actually not his own. The burden of ultimate persuasion remains with the prosecution.

■ Moreover, the nexus between the predicate fact and the presumed fact survives the beyond-a-reasonable-doubt standard. The presumption of correctness is quite reasonable since the Secretary of State's records identify drivers more precisely than merely by name. (*Navis.*) The license abstract is also the most direct method of proving suspension or revocation. Here, because the defendant failed to offer any evidence that the Carol Cisel named in the complaint and the Carol Cisel listed on the license abstract were different persons, the presumption of identity stands uncontradicted and must be accepted by the trier of fact.

■ We also reject the defendant's contention that the sentence of 30 days' imprisonment was excessive. The sentence lay well within the prescribed statutory range of less than one year for the Class A misdemeanor of driving with a revoked or suspended license. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—3(a)(1).) Although the imposition of such a sentence could adversely affect her somewhat bleak financial situation, the circuit court found that such a sentence was necessary in view of her record of abuse of her driving privilege. For the same reason, the court also rejected the once failed alternative of probation. We cannot say that the decision was an abuse of the circuit court's discretion.

Accordingly, we affirm the judgment and sentence entered in the circuit court of Peoria County.

Affirmed.

STOUDER and SCOTT, JJ., concur.