714 N.E.2d 583 (1999)
306 Ill. App.3d 665
239 Ill.Dec. 664
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Carl I. MALCHOW, Defendant-Appellant.
No. 2-98-0576.
Appellate Court of Illinois, Second District.
July 22, 1999.
Rehearing Denied August 24, 1999.
*585 Robert P. Will, Jr., Robert P. Will, Jr. & Associates, Waukegan, for Carl Malchow.
Michael J. Waller, Lake County State's Attorney, Waukegan, Martin P. Moltz, Deputy Director, Richard S. London, State's Attorneys Appellate Prosecutor, Elgin, for the People.
Justice RAPP delivered the opinion of the court:
Following a bench trial, defendant, Carl I. Malchow, was found guilty of failing to register *586 as a sex offender as required by section 3(a)(2) of the Sex Offender Registration Act (730 ILCS 150/3(a)(2) (West Supp.1997)). Defendant was sentenced to 18 months' conditional discharge, ordered to comply with the Sex Offender Registration Act, and fined $500. On appeal, defendant challenges the constitutionality of the Sex Offender Registration Act (730 ILCS 150/2 et seq. (West Supp.1997)), arguing that it (1) violates the ex post facto clauses of the United States and Illinois Constitutions (U.S. Const., art. I, § 10, cl. 1; Ill. Const.1970, art. I, § 16); (2) violates federal and state constitutional prohibitions against cruel and unusual punishment (U.S. Const., amend. VIII; Ill. Const. 1970, art. I, § 11); (3) violates his right to privacy; (4) constitutes double jeopardy in violation of the United States and Illinois Constitutions (U.S. Const., amend. V; Ill. Const.1970, art. I, § 10); (5) violates his right to due process and equal protection; and (6) was passed in violation of the single-subject rule of the Illinois Constitution (Ill. Const.1970, art. IV, § 8(d)). We affirm defendant's conviction. However, we find defendant's sentence illegal and void and therefore reverse defendant's sentence and remand for sentencing only.

I. FACTS
On December 17, 1997, defendant was charged by indictment with unlawful failure to register as a sex offender between April 13, 1997, and December 4, 1997, as required by the Sex Offender Registration Act (the Registration Act) (730 ILCS 150/2 et seq. (West Supp.1997)). The registration requirement was based upon defendant's 1988 conviction of aggravated criminal sexual abuse against a person under the age of 18 (see Ill.Rev.Stat.1987, ch. 38, par. 12-16).
The trial court denied defendant's motion to declare the Registration Act unconstitutional and to dismiss the charges against him. Pursuant to a stipulated bench trial, the trial court found defendant guilty of failing to register as a sex offender. The trial court sentenced defendant to 18 months' conditional discharge, ordered him to comply with the Registration Act, and imposed a $500 fine. The trial court denied defendant's motion for a new trial. Defendant timely appealed.

II. HISTORY OF THE REGISTRATION ACT
In 1986, the Illinois legislature enacted the Habitual Child Sex Offender Registration Act (Ill.Rev.Stat.1987, ch. 38, pars. 221 through 230). The Habitual Child Sex Offender Registration Act required the registration of any person who, after July 1, 1986, was convicted of at least two sex crimes against a victim under the age of 18. Ill.Rev. Stat.1987, ch. 38, pars. 222(A), (B)(1), 223.
Effective January 1, 1993, the Habitual Child Sex Offender Registration Act was amended, and its title became the Child Sex Offender Registration Act (730 ILCS 150/1 et seq. (West 1994)). The Child Sex Offender Registration Act required the registration of all sex offenders who, after July 1, 1986, had been convicted of at least two sex crimes or any person who, after January 1, 1993, had been convicted of a first sex offense against a victim under the age of 18. 730 ILCS 150/2, 3 (West 1994).
Effective January 1, 1996, the Child Sex Offender Registration Act was amended, and its title became the Sex Offender Registration Act (730 ILCS 150/1 et seq. (West 1996)). The Sex Offender Registration Act applied to all sex offenders as defined by the statute. 730 ILCS 150/2 (West 1996). Additionally, the legislature enacted the Child Sex Offender and Murderer Community Notification Law (730 ILCS 152/101 et seq. (West 1996)), which became effective June 1, 1996.
Effective July 24, 1997, the legislature made further amendments to the Sex Offender Registration Act (730 ILCS 150/2 et seq. (West Supp.1997)). In addition, the Child Sex Offender and Murderer Community Notification Law was repealed, and the Sex Offender and Child Murderer Community Notification Law (730 ILCS 152/101 et seq. (West Supp.1997)) became effective.

III. EX POST FACTO ANALYSIS
Defendant first contends that the Registration Act violates the ex post facto clauses of United States Constitution (U.S. *587 Const., art. I, § 10, cl. 1) and the Illinois Constitution of 1970 (Ill. Const.1970, art. I, § 16), with respect to the regulation and notification provisions and the enhanced penalty provision. This court recently rejected an ex post facto challenge to the Registration Act in People v. Logan, 302 Ill.App.3d 319, 235 Ill.Dec. 539, 705 N.E.2d 152 (1998). In Logan, we examined the same version of the Registration Act under which the defendant in this case was convicted, and we held that the "registration and notification provisions [of the Registration Act] do not violate the ex post facto clauses of the United States and Illinois Constitutions." Logan, 302 Ill. App.3d at 332, 235 Ill.Dec. 539, 705 N.E.2d 152.
In addition, we concluded in Logan that "the enhanced penalty provision of the Registration Act does not violate the United States or Illinois ex post facto clause." Logan, 302 Ill.App.3d at 332, 235 Ill.Dec. 539, 705 N.E.2d 152. In Logan, we recognized that section 10 of the Registration Act was amended, effective June 1, 1996, to provide that any person who violates the Registration Act is guilty of a Class 4 felony (see 730 ILCS 150/10 (West 1996)) and that prior to this amendment a violation of the Registration Act constituted a Class A misdemeanor (see 730 ILCS 150/10 (West 1994)). Logan, 302 Ill.App.3d at 332, 235 Ill.Dec. 539, 705 N.E.2d 152. In Logan, the indictment charged that the defendant committed the offense of failure to register as a sex offender after the effective date of the amendment to section 10 of the Registration Act. We therefore held that the enhanced penalty of the amendment did not violate the ex post facto clause in that case. Logan, 302 Ill. App.3d at 332, 235 Ill.Dec. 539, 705 N.E.2d 152.
In this case, the indictment against defendant alleged that he committed the offense of unlawful failure to register as a sex offender "between April 13, 1997 and December 4, 1997." As the amendment to section 10 of the Registration Act occurred prior to the date defendant committed this offense, we do not believe that the enhanced penalty of the amendment violates the ex post facto clause in this case.

IV. CRUEL AND UNUSUAL PUNISHMENT
Defendant next contends that the Registration Act violates federal and state constitutional prohibitions against cruel and unusual punishment (U.S. Const., amend. VIII; Ill. Const.1970, art. I, § 11). Defendant claims that the failure to register, which is punishable as a Class 4 felony (see 730 ILCS 150/10 (West 1996)), is disproportionate because it "is imposed upon a person who has been convicted of only a Class A misdemeanor."
We note that defendant was required to register as a sex offender based on his 1988 conviction of aggravated criminal sexual abuse against a person under the age of 18, a Class 2 felony. See Ill.Rev.Stat.1987, ch. 38, par. 12-16(e). A reviewing court will not determine the constitutionality of a provision of an act that does not affect the parties to the cause under consideration. People v. Rogers, 133 Ill.2d 1, 8, 139 Ill.Dec. 714, 549 N.E.2d 226 (1989). "A party may question the constitutional validity of a statutory provision only if he or she has sustained or is in immediate danger of sustaining some direct injury as a result of enforcement of the statute." Rogers, 133 Ill.2d at 8-9, 139 Ill.Dec. 714, 549 N.E.2d 226. Thus, a defendant may only contest a statutory provision as it is being applied to him. Rogers, 133 Ill.2d at 11, 13, 139 Ill.Dec. 714, 549 N.E.2d 226. Because defendant's registration requirement was not based on a Class A misdemeanor conviction, defendant lacks standing to complain of a statutory provision that was not applicable to him. See Rogers, 133 Ill.2d at 11, 139 Ill.Dec. 714, 549 N.E.2d 226.
Defendant also claims that the ridicule and humiliation that come with the public disclosure of registration information was not contemplated by him at the time of his conviction and not reasonably related or proportionate to the underlying offense. We may inquire into the constitutionality of a statute only to the extent required by the case before us. See Rogers, 133 Ill.2d at 8, 139 Ill.Dec. 714, 549 N.E.2d 226. Thus, we will examine defendant's eighth amendment *588 claim of cruel and unusual punishment based on this claim alone.
To analyze the validity of a statute based upon an eighth amendment claim of cruel and unusual punishment, the purpose of the statute should be evaluated in order to determine whether it is penal in nature. People v. Adams, 144 Ill.2d 381, 387, 163 Ill.Dec. 483, 581 N.E.2d 637 (1991), citing Trop v. Dulles, 356 U.S. 86, 96, 78 S.Ct. 590, 595, 2 L.Ed.2d 630, 639 (1958). The severity of the disability as well as all the circumstances surrounding the legislative enactment may also be relevant factors in concluding whether a statute is penal. Adams, 144 Ill.2d at 387, 163 Ill.Dec. 483, 581 N.E.2d 637, citing Trop, 356 U.S. at 96, 78 S.Ct. at 595-96, 2 L.Ed.2d at 639-40.
In Adams, the supreme court rejected an eighth amendment argument with regard to the Habitual Child Sex Offender Registration Act (Ill.Rev.Stat.1987, ch. 38, pars. 221 through 230). Adams, 144 Ill.2d 381, 163 Ill.Dec. 483, 581 N.E.2d 637. In so ruling, the supreme court noted that the legislative history of the Habitual Child Sex Offender Registration Act indicated that its purpose was to protect children and was therefore nonpenal. Adams, 144 Ill.2d at 387-89, 163 Ill.Dec. 483, 581 N.E.2d 637. The court explained that the registration requirement was not severe in comparison to the potential alternative of spending an extended period of time in prison. Adams, 144 Ill.2d at 387-88, 163 Ill.Dec. 483, 581 N.E.2d 637. The court concluded that the Habitual Child Sex Offender Registration Act did not constitute cruel and unusual punishment under the eighth amendment. Adams, 144 Ill.2d at 389-90, 163 Ill.Dec. 483, 581 N.E.2d 637.
In Logan, we analyzed the punitive effect of the Registration Act in the context of an ex post facto challenge and concluded that "the purpose of the registration and notification provisions is to protect the public and not to punish sex offenders and that their effect is not punitive." Logan, 302 Ill.App.3d at 331, 235 Ill.Dec. 539, 705 N.E.2d 152. We therefore hold, in accordance with Adams and Logan, that the Registration Act does not constitute cruel and unusual punishment under the eighth amendment.

V. RIGHT TO PRIVACY
Defendant contends that the Registration Act affects his right to privacy because information about "personal matters" is disclosed. Defendant also argues that due process requires at least notice and a hearing before the government may intrude upon a person's privacy to the extent allowed by the Registration Act. We will address defendant's procedural due process argument separately below, in analyzing his due process challenge to the Registration Act.
As this court held in Logan, a defendant's interest in the information potentially disseminated is not within the "zone of privacy" protected under the Constitution. Logan, 302 Ill.App.3d at 333-34, 235 Ill.Dec. 539, 705 N.E.2d 152, citing Carey v. Population Services International, 431 U.S. 678, 684-85, 97 S.Ct. 2010, 2015-16, 52 L.Ed.2d 675, 684 (1977) (only personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education are within the "zone of privacy"). We decline to reconsider our holding in Logan concerning this issue and therefore reject defendant's right to privacy argument.

VI. DOUBLE JEOPARDY
Defendant next argues that the Registration Act violates the double jeopardy provisions of United States Constitution (U.S. Const., amend. V) and the Illinois Constitution of 1970 (Ill. Const.1970, art. I, § 10). Defendant contends that the "effect of registration and disclosure of private and personal information is clearly punitive. The defendant, having previously served his sentence in full, is once again subject to punishment due to the same underlying offense."
The double jeopardy clause "protects only against the imposition of multiple criminal punishments for the same offense." (Emphasis in original.) Hudson v. United States, 522 U.S. 93, 99, 118 S.Ct. 488, 493, 139 L.Ed.2d 450, 458 (1997). In Lanni v. Engler, 994 F.Supp. 849, 853-54 (E.D.Mich. 1998), the United States District Court for the Eastern District of Michigan held that a *589 similar Michigan sex offender registration law was not penal in nature and did not violate either the double jeopardy or ex post facto clause of the United States or Michigan Constitution. Because the registration and notification requirements of the Illinois Registration Act are not penal (see Logan, 302 Ill.App.3d at 331, 235 Ill.Dec. 539, 705 N.E.2d 152), we reject defendant's double jeopardy claim.

VII. FOURTEENTH AMENDMENT
Defendant next contends that the Registration Act denies him due process and equal protection. We disagree.

A. DUE PROCESS
Defendant asserts that the Registration Act violates both procedural and substantive due process. Defendant argues that because the Registration Act does not provide for a hearing, he has been deprived of his right to procedural due process. We rejected this same claim in Logan. See Logan, 302 Ill.App.3d at 332-33, 235 Ill.Dec. 539, 705 N.E.2d 152. In Logan, we concluded that the defendant failed to demonstrate that the registration and notification statutes at issue deprived him of a protected liberty or property interest. Logan, 302 Ill.App.3d at 332, 235 Ill.Dec. 539, 705 N.E.2d 152. We noted in Logan that "[t]he Registration Act merely compiles truthful, public information, and the Notification Law makes this information more readily available." Logan, 302 Ill. App.3d at 332, 235 Ill.Dec. 539, 705 N.E.2d 152. This court also determined in Logan that "[e]ven if the defendant could prove the deprivation of a liberty or property interest, his due process claim must still fail." Logan, 302 Ill.App.3d at 332, 235 Ill.Dec. 539, 705 N.E.2d 152. We reasoned that all sex offenders are subject to the provisions of the Registration Act and that law enforcement authorities have no discretion to determine which offenders will be exposed to public dissemination; "[t]hus, a hearing would serve no purpose." Logan, 302 Ill.App.3d at 332-33, 235 Ill.Dec. 539, 705 N.E.2d 152, citing Lanni, 994 F.Supp. at 855. Based on Logan, we reject defendant's procedural due process argument.
Defendant also argues that the statute appears arbitrary and without a reasonable basis because it "does not differentiate between those sex offenders who pose a continued risk to society and those who have fully rehabilitated and reintegrated into society," and thus violates his substantive due process rights. This argument was rejected by our supreme court in its review of the Habitual Child Sex Offender Registration Act (Ill.Rev.Stat.1987, ch. 38, pars. 221 through 230). See Adams, 144 Ill.2d at 390-91, 163 Ill.Dec. 483, 581 N.E.2d 637.
"When a statute bears a reasonable relationship to a public interest to be served, and the means adopted are a reasonable method of accomplishing the desired objective, it will be upheld." Adams, 144 Ill.2d at 390, 163 Ill.Dec. 483, 581 N.E.2d 637, citing People v. Lindner, 127 Ill.2d 174, 180, 129 Ill.Dec. 64, 535 N.E.2d 829 (1989). In Adams, the court found a direct relationship between the registration of child sex offenders and the purpose served by the Habitual Child Sex Offender Registration Act, the protection of children. Adams, 144 Ill.2d at 391, 163 Ill.Dec. 483, 581 N.E.2d 637. The court found nothing unreasonable in the statute's method of serving its purpose and thus rejected the defendant's substantive due process argument. Adams, 144 Ill.2d at 390-91, 163 Ill.Dec. 483, 581 N.E.2d 637.
The purpose of the Registration Act is to protect the public from sex offenders. See Logan, 302 Ill.App.3d at 331, 235 Ill.Dec. 539, 705 N.E.2d 152. There is a direct relationship between the registration of sex offenders and the purpose served by the Registration Act, the protection of the public, and we find nothing unreasonable in the statute's method of serving its purpose. See Adams, 144 Ill.2d at 390, 163 Ill.Dec. 483, 581 N.E.2d 637. We therefore reject defendant's substantive due process argument.

B. EQUAL PROTECTION
Defendant also argues that the Registration Act violates his right to equal protection. In Adams, the supreme court explained equal protection analysis as follows:

*590 "A claim that a statute violates the principles of equal protection requires an analysis of whether a substantial right is involved, or whether the statute discriminates against a suspect class. [Citation.] When neither of these factors comes into play, the equal protection standard, like due process, utilizes a rational basis test, which prevents the implementation of a statute if it irrationally differentiates between persons similarly situated." Adams, 144 Ill.2d at 391, 163 Ill.Dec. 483, 581 N.E.2d 637.
In this case, defendant acknowledges that the Registration Act applies to all sex offenders but argues that equal protection is offended because it does not differentiate between sex offenders based upon the risk they pose to society. There is no differentiation between persons similarly situated under the Registration Act. Based on the Registration Act's equal treatment of all sex offenders and its rational limitation to those persons who fall into this category, we find no basis for defendant's equal protection argument.

VIII. SINGLE-SUBJECT RULE
Finally, defendant claims that Public Act 89-8 (Pub. Act 89-8, eff. January 1, 1996), which passed the Registration Act, violated the single-subject rule of the Illinois Constitution (Ill. Const.1970, art. IV, § 8(d)). Defendant devotes four short paragraphs to this argument with no analysis of relevant case law. The State did not respond to defendant's single-subject rule claim except to suggest that his claim lacks relevance because he is citing to an intermediate version of the Registration Act and has not challenged either the original or current version of the Registration Act.
The single-subject rule ensures that the legislature addresses the difficult decisions it faces directly and subject to public scrutiny, rather than passing unpopular measures on the backs of popular ones. Johnson v. Edgar, 176 Ill.2d 499, 515, 224 Ill.Dec. 1, 680 N.E.2d 1372 (1997). "The term `subject,' in this context, is to be liberally construed and the subject may be as broad as the legislature chooses." Johnson, 176 Ill.2d at 515, 224 Ill.Dec. 1, 680 N.E.2d 1372. However, the matters included in the enactment must have a natural and logical connection. Johnson, 176 Ill.2d at 515, 224 Ill.Dec. 1, 680 N.E.2d 1372. The single-subject rule prohibits the inclusion of "`"discordant provisions that by no fair intendment can be considered as having any legitimate relation to each other."' [Citations.]" Johnson, 176 Ill.2d at 515, 224 Ill.Dec. 1, 680 N.E.2d 1372. As the supreme court has noted, the single-subject rule leaves the legislature with wide latitude in determining the content of bills and "must indeed go very far to cross the line to a violation of the single-subject rule." Johnson, 176 Ill.2d at 515-16, 224 Ill.Dec. 1, 680 N.E.2d 1372.
In People v. Reedy, this court observed that Public Act 89-404's (Pub.Act 89-404, eff. August 20, 1995) 10 sections covered no fewer than "five distinct legislative subjects." People v. Reedy, 295 Ill.App.3d 34, 42, 229 Ill.Dec. 603, 692 N.E.2d 376 (1998), aff'd, 186 Ill.2d 1, 237 Ill.Dec. 74, 708 N.E.2d 1114 (1999). The provisions of Public Act 89-404 included (1) the removal of the homestead exemption from property subject to certain civil forfeiture proceedings; (2) an increase in the burden of proof for a criminal defendant asserting the insanity defense; (3) truth-in-sentencing legislation; and (4) new procedures for the perfection and attachment of hospital liens. Reedy, 295 Ill.App.3d at 42, 229 Ill.Dec. 603, 692 N.E.2d 376. This court and the supreme court rejected the State's argument that the title "governmental matters" indicated that Public Act 89-404 embraced a single subject. Reedy, 295 Ill. App.3d at 43, 229 Ill.Dec. 603, 692 N.E.2d 376. Reedy, 186 Ill.2d at 12, 237 Ill.Dec. 74, 708 N.E.2d 1114. We were unable to identify any "natural and logical connection" among civil forfeiture, criminal sentencing, and hospital liens, and we thus held that Public Act 89-404 was unconstitutional in its entirety as it violated the single-subject rule. Reedy, 295 Ill.App.3d at 42, 229 Ill.Dec. 603, 692 N.E.2d 376. The supreme court agreed with this court's analysis and commented:
"Even when giving great deference to the legislature, the most lenient examination of the Act shows that its contents encompass *591 at least two unrelated subjects: matters relating to the criminal justice system, and matters relating to hospital liens. In our opinion, even the most liberal attempt to reconcile these various subjects is unavailing." (Emphasis added.) Reedy, 186 Ill.2d at 12, 237 Ill.Dec. 74, 708 N.E.2d 1114.
Public Act 89-8 is entitled "An Act in relation to criminal and correctional matters, amending named Acts," and it comprises nine articles. Public Act 89-8 includes amendments to the Illinois Vehicle Code (625 ILCS 5/1-101 et seq. (West 1994)), the Juvenile Court Act of 1987 (705 ILCS 405/1-1 et seq. (West 1994)), the Criminal Code of 1961 (720 ILCS 5/1-1 et seq. (West 1994)), the Rights of Crime Victims and Witnesses Act (725 ILCS 120/1 et seq. (West 1994)), the Unified Code of Corrections (730 ILCS 5/1-1-1 et seq. (West 1994)), the Medical Practice Act of 1987 (225 ILCS 60/1 et seq. (West 1994)), the Code of Criminal Procedure of 1963 (725 ILCS 5/100-1 et seq. (West 1994)), the Statewide Grand Jury Act (725 ILCS 215/1 et seq. (West 1994)), the Interstate Agreements on Sexually Dangerous Persons Act (45 ILCS 20/0.01 et seq. (West 1994)), the Civil Administrative Code of Illinois (20 ILCS 5/1 et seq. (West 1994)) (pertaining to the Division of Criminal Investigation), and the Child Sex Offender Registration Act (730 ILCS 150/1 et seq. (West 1994)).
Unlike the provisions of Public Act 89-404, which encompassed at least two unrelated subjects, we find that Public Act 89-8 encompasses only one subject-matters relating to the criminal justice system-even though it transgresses several different chapters of the Illinois Compiled Statutes. See Reedy, 186 Ill.2d at 12, 237 Ill.Dec. 74, 708 N.E.2d 1114. In light of the liberal construction to be applied to the term "subject," we conclude that Public Act 89-8 does not violate the single-subject rule.

IX. DEFENDANT'S SENTENCE
In its brief, the State argues that the trial court erred in not sentencing defendant to serve the statutorily mandated seven-day jail term. (See 730 ILCS 150/10 (West Supp. 1997)). The State requests that this court sentence defendant or remand the matter with instructions to sentence defendant accordingly.
We must first determine whether this issue is properly before this court. Supreme Court Rule 604(a)(1) provides in pertinent part:
"(a) Appeals by the State.
(1) When State May Appeal. In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge * * *; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." 145 Ill.2d R. 604(a)(1).
See also People v. DeJesus, 127 Ill.2d 486, 494-96, 130 Ill.Dec. 471, 537 N.E.2d 800 (1989).
Rule 604(a)(1) does not allow the State to contest the propriety of a sentence imposed on a criminal defendant. People v. Hatfield, 257 Ill.App.3d 707, 711, 196 Ill.Dec. 528, 630 N.E.2d 463 (1994); People v. Davilla, 236 Ill.App.3d 367, 389, 177 Ill.Dec. 596, 603 N.E.2d 666 (1992). However, a trial court, upon a determination of guilt, must impose the criminal penalties that the legislature has mandated and has no authority to impose punishment other than that provided by statute. City of Chicago v. Roman, 184 Ill.2d 504, 510, 235 Ill.Dec. 468, 705 N.E.2d 81 (1998). A court exceeds its authority when it orders a lesser sentence than that which the statute mandates. See People v. Wade, 116 Ill.2d 1, 6, 107 Ill.Dec. 63, 506 N.E.2d 954 (1987). In such a case, the defendant's sentence is illegal and void, and a void judgment may be attacked at any time either directly or collaterally. City of Chicago, 184 Ill.2d at 510, 235 Ill.Dec. 468, 705 N.E.2d 81. Accordingly, the appellate court has the authority to correct the sentence at any time, and Rule 604(a)(1) does not limit the State's right to appeal. City of Chicago, 184 Ill.2d at 510, 235 Ill.Dec. 468, 705 N.E.2d 81.
In the present case, section 10 of the Registration Act mandates a minimum period of seven days' confinement in the county jail. *592 See 730 ILCS 150/10 (West Supp.1997). The trial court sentenced defendant to 18 months' conditional discharge, ordered him to comply with the Registration Act, and imposed the statutory mandatory minimum fine of $500 for failure to comply with the Registration Act (see 730 ILCS 150/10 (West Supp.1997)). As a result of the trial court's failure to impose the mandatory minimum period of seven days' confinement in the county jail, defendant's sentence was illegal and void. Accordingly, we reverse defendant's sentence and remand for sentencing only.
Affirmed in part and reversed in part; cause remanded with directions.
McLAREN and GEIGER, JJ., concur.