# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Black*, 2012 IL App (1st) 101817

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MACEO BLACK, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-10-1817 |
| Filed | May 17, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's determination that defendant's unlawful restraint of a child was sexually motivated and warranted the imposition of the sex offender requirement was affirmed, since defendant, an adult male, used a sports conversation and requests for help with his groceries to lure a young boy into his apartment, and such conduct and the discovery of a pornographic magazine in defendant's possession shortly after the unlawful restraint indicated his activities with the boy were of a sexual nature, especially when there was no alternative motive clearly present from the record and given his criminal and social history, including his arrests for prostitution and solicitation; furthermore, the application of the Sex Offender Act did not violate his right to procedural due process. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-CR-14100; the Hon. Stanley J. Sacks, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal      Michael J. Pelletier, Alan D. Goldberg, and Karl H. Mundt, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary L. Boland, and Eve Reilly, Assistant State's Attorneys, of counsel), for the People.

Panel      PRESIDING JUSTICE LAVIN delivered the judgment of the court, with opinion.

Justices Fitzgerald Smith and Sterba concurred in the judgment and opinion.

## OPINION

¶ 1      Following a bench trial, defendant Maceo Black was found guilty of the unlawful restraint of an 11-year-old boy, then sentenced to four years and six months in prison and required to register as a sex offender under the Sex Offender Registration Act (Sex Offender Act) (730 ILCS 150/1 to 12 (West 2006)). This is the second appearance of this matter before us, the case having been previously remanded in *People v. Black*, 394 Ill. App. 3d 935 (2009). There, we vacated the imposition of the sex offender requirement on defendant because the trial court failed to make a specific factual determination at sentencing that defendant's offense was sexually motivated, which was necessary to bring him within the purview of the Sex Offender Act. *Black*, 394 Ill. App. 3d at 942, 944. On remand, the trial court held a hearing and determined defendant's unlawful restraint conviction was indeed sexually motivated. Defendant now challenges that decision, arguing that none of the facts or circumstances involved in this offense indicated he acted with an intent to engage in behavior of a sexual nature. Defendant also contends he was deprived of due process at his hearing.

¶ 2      PROCEDURAL BACKGROUND

¶ 3      At defendant's bench trial, the victim N.N. and his uncle testified for the State. The testimony of N.N.'s mother was admitted following a pretrial hearing under section 115-10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10 (West 2006)) to determine the reliability of N.N.'s hearsay statements. Their combined testimony established that on June 4, 2006, about 8 p.m., N.N., then age 11, was waiting for a bus along with defendant, a stranger, who was carrying several bags of groceries. Defendant, who was age 34, 6 feet tall and weighed 180 pounds, struck up a conversation with the minor about sports and asked if N.N. wanted to play on defendant's basketball team. When the bus arrived, defendant, who displayed no apparent physical incapacities or problems carrying the groceries from store to

stop, asked for help carrying his grocery bags onto the bus, and N.N. complied. Defendant sat near N.N. and offered him money if the boy would help take the groceries up to defendant's apartment. N.N. agreed to help without compensation, but when the bus approached his stop, he pulled the cable line to signal his intent to get off the bus, telling defendant that his mother was expecting him. N.N. got up to exit, but defendant pulled N.N. by his arm back into his seat. N.N. told his mother defendant said, "no, you're going to help me with the bags." N.N. then agreed to help with the groceries and remained on the bus with defendant.

¶ 4 They exited the bus at defendant's stop and walked across a street and through an alley to defendant's third-floor apartment. Defendant ordered N.N. to set the bags down, then unlocked his apartment door, opened it, and told N.N. to place the bags inside. Defendant closed the door and stood in front of it as N.N. placed the bags in the kitchen. Defendant offered N.N. $5 for helping with the bags, but N.N. refused the money. N.N. was on his "way out" when he heard defendant lock the door. N.N. told his mother that he then asked defendant why he was locking the door. N.N. felt scared and said he needed to get home. Defendant did not open the door, but rather blocked the door with his back against it and his hands on the knob. N.N. then pushed defendant "out of the way" and unlocked the door. N.N. told his mother defendant would not let him leave "without a struggle," and he had to push him two times. Defendant grabbed his arm, but N.N. was able to flee.

¶ 5 N.N. ran eight blocks home. Appearing distraught, he reported the encounter to his mother and uncle, who called the police. Defendant was apprehended by the police around 10 p.m. as he was walking on the street, and N.N. identified him as the man who had restrained him.

¶ 6 Chicago police officer Andrew Kroll testified that a custodial search of defendant's person revealed he was carrying an adult pornographic magazine, wrapped in a newspaper. Defense counsel objected to the relevance of this evidence. The trial court withheld ruling on the admissibility of the evidence at that time, but later declared it inadmissible.

¶ 7 The State rested, and the defense did not present evidence. Following argument, the judge found defendant guilty of unlawful restraint.

¶ 8 At the sentencing hearing, N.N. read his victim impact statement into evidence. N.N. stated that defendant "took advantage" of the fact that N.N. liked "to help people," but N.N. was glad his mom told him what to do so he "wouldn't be hurt and could get away." After the offense, N.N. felt "bad inside and sad most of the time," stayed in his room, did not talk to his family or friends, and did not do things he usually had enjoyed. He missed school, could not concentrate, and was embarrassed by the offense. He did not want other kids like him to be victims.

¶ 9 Defendant's presentence investigation report shows felony convictions for burglary and forgery and misdemeanor convictions for prostitution, in addition to arrests for both prostitution and solicitation. According to the report, defendant was a ward of the State from age 13 to 21. He reportedly lived in several group homes and was labeled an habitual runaway by the juvenile court system. Defendant also reportedly suffered severe physical abuse from his father owing to his family's belief that he was homosexual. Defendant was

said to be emotionally damaged "in the long run," and he was sexually abused when 16 by a teacher while residing in a group home.

¶ 10    Following evidence and argument, the judge observed that N.N. helped defendant with groceries, but the judge was unsure "what motivation there might have been" for defendant "to try to keep the boy in the apartment against his will." The judge concluded "we'll never know what the motivation might have been but it certainly affected [N.N.]." The court noted that "fortunately nothing else happened," and N.N. was "pretty sharp" to note in his victim impact statement that he did not want this to happen to any other kids. Taking into account the aggravating and mitigating evidence, the court sentenced defendant to four years and six months in prison. The trial court did not make any finding as to the presence or absence of a sexual motivation for the offense, but nonetheless, defendant was required to register as a sex offender.

¶ 11    As stated, defendant appealed the determination that he was required to register as a sex offender. Defendant argued the trial court should have entered a written finding that his unlawful restraint of N.N. was sexually motivated and, absent such a finding, he was required to register instead under the Child Murderer and Violent Offender Against Youth Registration Act (Offender Against Youth Act) (730 ILCS 154/1 (West 2006)). The Offender Against Youth Act lists as a qualifying offense unlawful restraint of a victim under 18 when the defendant is not a parent if, at sentencing, the court verifies the offense *was not sexually motivated*. 730 ILCS 154/5(a)(1)(A), (b)(1), 86 (West 2006). As stated, this court determined the trial court was required to make a factual determination of whether defendant's crime was or was not sexually motivated for purposes of determining whether defendant had to register under the Sex Offender Act, or the Offender Against Youth Act. *Black*, 394 Ill. App. 3d at 936, 944.

¶ 12    On remand, defendant, who already had served his term of imprisonment, appeared before the trial court with counsel, but did not offer any testimony. The court permitted the parties to argue their respective stances as to whether defendant's unlawful restraint of N.N. was sexually motivated. In arguing the court could not so find, defense counsel emphasized that the presentence investigation report was irrelevant and the only possible indication of sexual motivation was the magazine which the court previously ruled inadmissible. Defense counsel predictably put particular emphasis on the court's statement during the guilt phase of trial that it would not speculate as to defendant's motive. Defense counsel maintained that the absence of evidence of sexual motivation required a finding that defendant register under the Offender Against Youth Act.

¶ 13    The judge deflected this defense argument by stating that there had been no need to consider the motivation behind defendant's detention of N.N. for the purpose of finding defendant guilty of unlawful restraint (see 720 ILCS 5/10-3 (West 2006)) at trial. The judge clarified that when he stated he would not speculate as to motive, he did not mean to suggest the absence of any motivation. While noting that the nature of the hearing regarding defendant's sex offender status was different from his trial on the unlawful restraint charge, the court addressed the evidence in turn and found the offense was sexually motivated for three articulated reasons. First, the court stated that defendant's request that N.N. help him carry groceries to his apartment clearly was pretextual. The court noted that N.N. did not

really want to go there, but when he did, defendant locked the door behind him and N.N. had to use "whatever force he could to get out." Second, the court noted that at the time of defendant's arrest, which was within hours of the offense, he was holding a pornographic magazine hidden within a newspaper. The court stated that while this evidence was not relevant to a determination of defendant's guilt at trial, it was relevant in considering whether defendant's crime was sexually motivated for the purposes of registration. Third, the court noted that the presentence investigation report indicated that defendant himself was sexually abused when younger and physically abused because his family believed he had homosexual proclivities. The court stated such tendencies were not "illegal or improper, but one can certainly argue from that that this crime was sexually motivated." The court therefore concluded that defendant was required to register as a sex offender. See Illinois State Police Sex Offender Database, http://www.isp.state.il.us/sor.

¶ 14   Defendant filed a motion to reconsider the ruling, which was denied. In denying the motion, the court added that defendant's criminal record, which included solicitation and prostitution offenses, "incorporates on that evidence which is now before me" that defendant's unlawful restraint of N.N. was sexually motivated. This appeal followed.

¶ 15                                  ANALYSIS

¶ 16              Issue 1: Whether the Offense Was Sexually Motivated

¶ 17   Defendant challenges the trial court's determination that his offense was sexually motivated. He argues, as he did in his previous appeal to this court, that he should be required to instead register under the Offender Against Youth Act.

¶ 18   Contrary to defendant's contention that an abuse of discretion standard of review should apply, we review a trial court's factual findings in support of its determination that defendant's crime was sexually motivated such that he must register as a sex offender under the manifest weight of the evidence standard. *People v. Cardona*, 2012 IL App (2d) 100542, ¶ 36. Under that standard, a finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or the finding is arbitrary, unreasonable, or not based on the evidence. *Id*. This deferential standard is grounded in the reality that the trial court is in a superior position to determine and weigh the credibility of the witnesses, observe the witnesses' demeanor, and resolve conflicts in their testimony. *In re Kenneth W.*, 2012 IL App (1st) 101787, ¶ 60.

¶ 19   The Act was originally passed to create an additional method of protection for children from the increasing incidence of sexual assault and sexual abuse. *In re Phillip C.*, 364 Ill. App. 3d 822, 827-28 (2006). The Act imposes a duty on a defendant to register with the Department of State Police, and provide certain identifying information, when he has been convicted of a qualifying "sex offense." 730 ILCS 150/2(A)(1)(a), (B), 3 (West 2006). This duty to register for at least 10 years after parole, discharge, or release from prison (730 ILCS 150/7 (West 2006)) is not itself punishment or a formal part of the sentencing procedure, but a collateral consequence of a defendant's conviction. *People v. Adams*, 144 Ill. 2d 381, 387 (1991); *People v. Downin*, 394 Ill. App. 3d 141, 144-46 (2009); see also *People v. Galloway*, 2011 IL App (1st) 103279, ¶ 11 (citing *Downin*, 394 Ill. App. 3d at 143). The purpose of the

Act is to aid law enforcement by facilitating ready access to information about sex offenders, and the Sex Offender Community Notification Law (Notification Law) (730 ILCS 152/101 to 999 (West 2006)) works in tandem to disseminate this information to the public for its protection. 730 ILCS 150/9 (West 2006); *People v. Johnson*, 225 Ill. 2d 573, 585 (2007); *People v. Stanley*, 369 Ill. App. 3d 441, 446 (2006).

¶ 20 Under the Act, a defendant commits a "sex offense" when he unlawfully restrains a victim under 18 years old, when the defendant is not a parent to the victim, and if the offense is "sexually motivated" as defined in section 10 of the Sex Offender Management Board Act (Board Act) (20 ILCS 4026/10(e) (West 2006)). 730 ILCS 150/2(A)(1)(a), (B)(1.5) (West 2006); see also 720 ILCS 5/10-3 (West 2006). As this court noted in defendant's initial appeal, prior to 2006, the Act did not include sexual motivation as a component of the unlawful restraint offense against a minor; that offense itself triggered the registration requirement. See *Black*, 394 Ill. App. 3d at 940; see also *Cardona*, 2012 IL App (2d) 100542, ¶¶ 32-33; Pub. Act 94-945 (eff. June 27, 2006). The current iteration of the statute provides that an offense is "sexually motivated" when "one or more of the facts of the underlying offense indicates conduct that is of a sexual nature *or* that shows an intent to engage in behavior of a sexual nature." (Emphasis added.) 20 ILCS 4026/10(e) (West 2006).

¶ 21 Unlawful restraint, the underlying offense at issue, occurs when a defendant "knowingly without legal authority detains another." 720 ILCS 5/10-3 (West 2006). The gist of unlawful restraint is the detention of a person by some conduct which prevents him from moving from one place to another. *People v. Brials*, 315 Ill. App. 3d 162, 174 (2000). It merits mention that the offense refers only to an intent to "knowingly *** detain[ ]." Defendant has not disputed that the State proved him guilty beyond a reasonable doubt of committing unlawful restraint when he knowingly prevented N.N. from leaving his third-floor apartment. Defendant, rather, challenges only the court's finding on remand that his unlawful restraint of N.N. was sexually motivated within the meaning of the Act such that he must register as a sex offender, arguing that there was "no evidence whatsoever to show that he intended to engage in behavior of a sexual nature."

¶ 22 For the Act to apply in this specific regard, the court was required to find that at least one of the facts supporting defendant's unlawful restraint offense *indicated* conduct that was of a sexual nature *or* showed an intent to engage in such behavior. This standard creates a relatively low evidentiary threshold for finding a defendant was sexually motivated in committing the offense. *People v. Velez*, 2012 IL App (1st) 101325, ¶¶ 71-72; *Cardona*, 2012 IL App (2d) 100542, ¶¶ 42-43. We cannot say the court erred in so finding here.

¶ 23 The record shows that defendant, age 34 and a stranger to N.N., approached the 11-year-old boy at the bus stop and first engaged N.N. in conversation about a captivating subject to most boys his age–sports, with defendant requesting that N.N. join his basketball team. After endearing himself to N.N., defendant then offered N.N. $5 in exchange for help in carrying defendant's grocery bags onto the bus and also to his apartment, although the record does not indicate that defendant had any physical incapacities or problems transporting the groceries from store to stop. When N.N. attempted to exit the bus, defendant pulled his arm and said, "no, you're going to help me with the bags." Once at the apartment, defendant was not satisfied with the boy simply depositing the groceries at the threshold of the door but, rather,

insisted that he enter the apartment and place them in the kitchen. This provided defendant with the opportunity to lock the child inside the apartment. Defendant did not open the door even though N.N. expressed a desire to leave, and N.N. had to enter into a physical struggle with defendant before he was able to break free and flee. From these facts, it is clear that defendant, a grown man, used the sports conversation and the several requests for help with his groceries from a young boy as a pretext to lure N.N. into defendant's apartment.

¶ 24    Defendant maintains this conduct cannot be considered "sexual in nature" because "there was no evidence that he ever made any sexual references or innuendos to [N.N.], nor that he ever attempted to touch [N.N.] or himself inappropriately."

¶ 25    We disagree, for the luring-type behavior defendant exhibited leading up to his unlawful restraint of N.N. has proven to be the very precursor to commission of sex offenses or intent to commit sex offenses against children. See, *e.g.*, *People v. Woodrum*, 223 Ill. 2d 286, 293-95, 316 (2006) (defendant videotaped children wrestling, then lured them into his apartment with the promise of watching the videotapes and with the stated intent of sexual exploitation); *People v. Rogers*, 133 Ill. 2d 1, 5-6 (1989) (defendant, charged with luring a child for the unlawful purpose of committing criminal sexual abuse, approached 13- and 14-year-old boys at a game room, asked for help unloading newspapers from his car in exchange for $5, then touched the boys in their private parts while moving their seats and, when they rebuffed his advances, offered them more if they would let defendant "suck them"); *People v. Deal*, 185 Ill. App. 3d 332, 334-35 (1989) (17-year-old defendant, convicted of aggravated criminal sexual abuse, befriended 7-year-old victim by taking him to movies, watching television and playing games with him, took the victim to defendant's home, then asked the victim if he wanted to earn money, and sexually molested the victim); see also *People v. Fuller*, 324 Ill. App. 3d 728, 733 (2001) (noting unlawful restraint of a minor often precedes juvenile pimping or exploitation of a child). The Sex Offender Act does not require actual sexual contact or an overt sexual act, but rather conduct probative of motive or intent. *Velez*, 2012 IL App (1st) 101325, ¶ 72.

¶ 26    Defendant's luring of N.N. to his apartment, his restraint of N.N., and, significantly, the discovery of defendant in possession of a pornographic magazine shortly after the offense *indicate* that defendant's activities with this child consisted of "conduct *** of a sexual nature." 20 ILCS 4026/10 (West 2006). That is, we conclude the porn magazine is illustrative of defendant's state of mind, that he was preoccupied with sexual activity, and was properly used by the trial judge to establish defendant's motivation in luring N.N. to his residence. See *Woodrum*, 223 Ill. 2d at 316.

¶ 27    In this way, the case *sub judice* is analogous to *Fuller*, a preamendment case, in which the defendant stole a van containing minor children, then drove them to view Christmas lights and to a restaurant before the children were able to escape while at a traffic light. Given defendant's actions, including his failure to release the children and later admission that he was " 'going to find a hotel room and ask the girl if she had any friends,' " the *Fuller* court found the facts suggested "the very real possibility of subsequent sexual exploitation" of the children, which contributed to its decision upholding the constitutionality of the statute. *Fuller*, 324 Ill. App. 3d at 733-34.

¶ 28    As in *Fuller*, we conclude defendant's actions constitute a valid indication that his conduct was sexually motivated. This conclusion is consistent with policy considerations underpinning the amendment of this statute. The legislature's decision to include a "sexual motivation" component clearly was meant to prevent those individuals "whose crimes have *nothing to do* with the sexual offense" from being required to register as such. (Emphasis added.) See 94th Ill. Gen. Assem., House Proceedings, Feb. 22, 2006, at 13 (statements of Representative Fritchey, bill sponsor); see also *Cardona*, 2012 IL App (2d) 100542, ¶ 44 (and cases cited therein (noting preamendment cases wherein the defendants clearly had alternative motives like ransom or gang violence for their offenses against the children)); see, *e.g.*, *People v. Davis*, 378 Ill. App. 3d 1, 17-18 (2007) (defendant, who appeared to be on drugs, stole running vehicle that happened to have baby in back, then apparently requested ransom, but was nevertheless required to register as sex offender). In this case, there was no alternative motive clearly present from the record and, given the facts, it would have been difficult for the trial court to certify the opposite conclusion, that there was *no* indication that defendant was motivated to engage in conduct of a sexual nature. See *Cardona*, 2012 IL App (2d) 100542, ¶ 44.

¶ 29    Defendant's argument suggests a narrower and different circumlocution, namely, that the Act confines consideration of "sexual motivation" only as it specifically relates "facts of the underlying offense." He thus argues that the trial court erred in considering both the pornographic magazine, which the court previously had deemed inadmissible at trial, and defendant's social history of sexual abuse and criminal history set forth in his presentence investigation report. Defendant argues a contrary reading would lead to absurd results under the statute. We disagree.

¶ 30    Defendant's argument regarding the magazine suggests that a court, when determining sexual motivation under the Act, cannot consider any evidence but that presented at trial and relating to *the elements* of the charged offense. Here, defendant leans on a rather slender reed, for the motivation behind a person's decision to commit an offense and the elements of that offense are quite distinct. To be clear, while unlawful restraint requires evidence of knowledge, motive is not an essential element of the offense. See *People v. Lissade*, 403 Ill. App. 3d 609, 614-15 (2010), *relying on People v. Bergin*, 227 Ill. App. 3d 32, 44 (1992); see, *e.g.*, *People v. Smith*, 141 Ill. 2d 40, 56 (1990) (motive is not an essential element of murder). Thus, as in this case, it is foreseeable that a trial court could consider only the elements of the offense at trial absent motive. We do not think the legislature intended that the statute would then prohibit the State from presenting evidence at a posttrial and postsentencing proceeding that, while not necessary to prove defendant committed the crime, did tend to show *why* he committed that crime. That, after all, is the statute's *raison d'etre*.

¶ 31    As such, we conclude the court's consideration of police testimony that defendant possessed a pornographic magazine shortly after the incident was proper. It was within the matrix of facts surrounding the underlying offense and, as stated, relevant to prove that defendant's motivation for unlawfully restraining N.N. had a sexual component. See *People v. Sundling*, 2012 IL App (2d) 070455, ¶ 78 (evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of an action more or less probable than it would be without the evidence). And while defendant makes much of the

fact that the court initially found this evidence inadmissible in the underlying bench trial and seemingly found that defendant's offense lacked pretext, we observe that those comments mostly related to the insufficiency of the evidence to sustain defendant's aggravated kidnaping count with which defendant also was charged. As this court noted in *Cardona*, the evidence required to sustain a criminal charge beyond a reasonable doubt is an entirely different beast from the evidence required to meet the threshold standard of "sexual motivation" under the Sex Offender Act. *Cardona*, 2012 IL App (2d) 100542, ¶ 42. Comments relating to one need not apply to the other and, regardless, a court is entitled to reconsider evidence before it.

¶ 32    Likewise, we conclude that whether an offense was sexually motivated encompasses a consideration of defendant's social and criminal history as set forth in the presentence investigation report if relevant. Analyzing facts of the underlying offense necessarily requires consideration of a defendant's background and the stimuli which motivated the present conduct.

¶ 33    The court's consideration of defendant's self-reported sexual abuse in this case therefore was proper. If sexual abuse may be considered at sentencing as a factor in mitigation, thus lessening the intensity of a defendant's culpability, then it may also be considered in a proceeding on a collateral issue like sex offender registry as but one factor that might have motivated the crime. See, *e.g.*, *People v. Baker*, 241 Ill. App. 3d 495, 497-98 (1993).

¶ 34    Defendant also argues that the court improperly considered his arrests for prostitution and solicitation as factors supporting that his offense was sexually motivated. We disagree. The trial court mentioned defendant's criminal record, which does include misdemeanor convictions for prostitution and arrests for both prostitution and solicitation, as a factor in its decision when denying defendant's motion to reconsider the court's finding that defendant's offense was sexually motivated. As at sentencing, although mere arrests absent supporting evidence are improper to consider, we conclude that defendant's criminal history did not factor into the court's principal findings and conclusions regarding sexual motivation. See *People v. La Pointe*, 88 Ill. 2d 482, 499 (1981); *People v. Thomas*, 111 Ill. App. 3d 451, 454 (1983) (arrests, standing alone, without further proof of the conduct alleged inadmissible at sentencing). It was not a significant factor upon which the court's decision rested.

¶ 35    Even were we to find error in this limited regard, the court made a factual determination on the evidence and we do not believe that absent the error the court's determination would have been any different. The trial court found, based on the underlying facts of the charged offense and given defendant's social history, that defendant's unlawful restraint of N.N. was sexually motivated. After reviewing the evidence in this case, we cannot say the opposite conclusion is clearly evident. See *Cardona*, 2012 IL App (2d) 100542, ¶ 36. Defendant therefore is required to register as a sex offender under the Act.


¶ 36         Issue 2: Whether Defendant's Due Process Rights Were Violated

¶ 37    Defendant's second contention on appeal is that the Sex Offender Act violates his right to procedural due process because the statute, which he argues implicates a liberty interest, lacks proper evidentiary standards.

¶ 38     As the State notes, in order to trigger the protections of the due process clause, a defendant must first show that the statute at issue actually deprives him of a protected liberty or property interest. *People v. Logan*, 302 Ill. App. 3d 319, 333 (1998). This, defendant simply cannot do.

¶ 39     Defendant argues that the publication of his registered status as a sex offender stigmatizes him and, further, that the registration requirements themselves deprive him of protected liberty and property interests.

¶ 40     These same arguments were recently considered and rejected in *Velez*. We see no reason to depart from its holding and the line of precedent concluding that the Sex Offender Act does not implicate a protected liberty or property interest. See *Velez*, 2012 IL App (1st) 101325, ¶¶ 79-83 (and cases cited therein). As has been astutely observed, the Sex Offender Act merely compiles truthful, public information, and the Notification Law makes this information more readily available. *Logan*, 302 Ill. App. 3d at 332; *People v. Grochocki*, 343 Ill. App. 3d 664, 673 (2003). Any injury to defendant's reputation is a result of his own underlying conviction of unlawful restraint and the sexual motivation accompanying it. See *Logan*, 302 Ill. App. 3d at 332.

¶ 41     Finally, we conclude that even if defendant could prove he was deprived of a liberty or property interest, his due process claim still would fail. That is, defendant cannot establish the second prong of the test, identifying exactly what process was "due." See *Stanley*, 369 Ill. App. 3d at 448. Although defendant argues the statute fails to establish adequate procedural safeguards, such as an identifiable standard of proof for what is considered "sexually motivated," we observe that due process is a flexible concept and not all situations call for the same procedural safeguards. *Cardona*, 2012 IL App (2d) 100542, ¶ 50. The fundamental requirements of due process are notice of the proceeding and an opportunity to present objections. *Id*. That, defendant had.

¶ 42     Contrary to defendant's argument, the statute makes sufficiently clear that the determination of whether an offense was sexually motivated rests on the facts from the underlying offense, which are adduced at trial and at the posttrial hearing on registration. As stated, we determined that facts of the underlying offense clearly referenced the offense upon which defendant's conviction stands, as well as the defendant's social and criminal history if relevant. The statute adequately apprises defendant that the threshold for establishing "sexual motive" is low–all that is needed is one *indication* of "conduct that is of a sexual nature or that shows an intent to engage in behavior of a sexual nature." 20 ILCS 4026/10(e) (West 2006); 730 ILCS 150/2(B)(1.5) (West 2006). Defendant also was apprised that this was not a guilt-phase hearing, but rather one on a collateral matter and thus subject to relaxed evidentiary standards. In this case in particular, defendant had a court-appointed attorney throughout the proceedings and ample opportunity at trial to challenge the facts of his unlawful restraint offense. The court held a posttrial hearing to expressly determine whether defendant's offense was sexually motivated, and defendant had the opportunity to challenge the evidence presented and the findings made, which he did. Defendant's due process argument therefore fails.

¶ 43                          CONCLUSION

¶ 44        Based on the foregoing, we affirm the judgment of the circuit court of Cook County.

¶ 45        Affirmed.